ORIGINAL

CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY        1211-0
CHRISTIAN K. ADAMS        8192-0
1000 Bishop Street, Suite 1200
Honolulu, Hawaii  96813-4212
Telephone:  (808) 521-9200
Facsimile:  (808) 521-9210
e-mail: jportnoy@cades.com
e-mail: cadams@cades.com

Attorneys for Defendant
Kevin W. Dieffenbach, M.D.

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 0 3 2006

at ___ o'clock and ___ min ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAWN COOPER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEVIN W. DIEFFENBACH, M.D. and DOES 1-10,<br><br>　　　　Defendants. | CIVIL NO. 03-00595 SPK LEK<br><br>**DEFENDANT KEVIN W. DIEFFENBACH, M.D.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION RE USE OF DEFENSE EXPERT'S TESTIMONY ON INFORMED CONSENT; CERTIFICATE OF SERVICE**<br><br>**Hearing**:<br>Date:　　August 21, 2006<br>Time:　　10:00 a.m.<br>Judge:　　Leslie Kobayashi<br><br>Trial Date:　October 11, 2006 |

ImanageDB:662864.2

## DEFENDANT KEVIN W. DIEFFENBACH, M.D.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION RE USE OF DEFENSE EXPERT'S TESTIMONY ON INFORMED CONSENT

Defendant Kevin W. Dieffenbach, M.D. ("Dr. Dieffenbach") hereby submits his memorandum in opposition to Plaintiff's Motion re Use of Defense Expert's Testimony on Informed Consent filed July 12, 2006.

### I. INTRODUCTION

On October 18, 2005, Plaintiff Dawn Cooper ("Plaintiff") filed her First Amended Complaint alleging: 1) breach of the applicable standard of care in the form of negligence and gross negligence, and 2) lack of informed consent. On December 15, 2004, Plaintiff submitted her Rule 26(a)(2) Disclosures identifying Roger L. Greenberg, M.D. ("Dr. Greenberg") as her expert witness and also provided Dr. Greenberg's report to opposing counsel. Dr. Greenberg, based on his report, was apparently retained to opine regarding standard of care issues only and to substantiate Plaintiff's claim regarding Dr. Dieffenbach's alleged breach of that standard. Dr. Greenberg's report, however, did not substantiate such a claim.

On April 14, 2005, Dr. Dieffenbach identified F. Don Parsa, M.D. ("Dr. Parsa") as his rebuttal expert witness and provided Dr. Parsa's report to opposing counsel. On May 6, 2005, Dr. Parsa was extensively deposed by Plaintiff's counsel at length.

On July 26, 2005, subsequent to Dr. Parsa's deposition, Plaintiff withdrew Dr. Greenberg as her expert witness and confirmed that Dr. Greenberg would not be called to testify on any issue in her case. It now appears by this Motion, that Plaintiff apparently intends to rely on Dr. Parsa's testimony to support her claim for breach of informed consent. However, due to Plaintiff's lack of an expert witness, Dr. Dieffenbach has decided that Dr. Parsa's testimony is not necessary to Dr. Deiffenbach's defense and Dr. Parsa will not be called as a testifying expert witness, but will remain a consulting expert on behalf of Dr. Dieffenbach.

## II. ARGUMENT

In withdrawing Dr. Greenberg as her expert witness, Plaintiff has abandoned her claim for breach of standard of care. The Hawaii Supreme Court has made clear that plaintiffs have the burden of proving, by expert medical testimony, the applicable standard of care. See Craft v. Peebles, 78 Haw. 287, 298 (1995). Therefore, Plaintiff may no longer maintain any such claim against Dr. Dieffenbach because she lacks the requisite expert medical testimony necessary to substantiate such a claim.

Plaintiff's only remaining claim against Dr. Dieffenbach is for his alleged lack of informed consent. However, Plaintiff has confirmed that she does not intend to call any medical expert in this case to testify on her behalf. Without

any supporting expert medical testimony to substantiate her claims, Plaintiff requests that this Court allow her to use the testimony of Dr. Parsa, the defense expert witness, to prove the materiality element of her informed consent claim.

Plaintiff is not permitted to use the testimony of Dr. Parsa. Dr. Parsa is no longer needed for Dr. Dieffenbach's defense and therefore will not be called at trial. To allow Plaintiff to usurp and use Dr. Parsa's testimony for Plaintiff's own benefit, without him ever being called in Dr. Dieffenbach's defense, is contrary to governing case law and therefore the motion must be denied.

### A. Expert Testimony is Required to Establish the "Materiality" Element For Plaintiff's Breach of Informed Consent Claim

Hawaii has adopted the "patient-oriented" standard for determining the nature and scope of a physician's obligation to disclose information prior to treatment. Carr v. Strode, 79 Haw. 475, 485 (1995). Pursuant to this standard, a physician satisfies the obligation when he or she provides the information that "a reasonable person objectively needs to hear from his or her physician to allow the patient to make an informed and intelligent decision regarding proposed medical treatment," not when the physician tells a particular patient what the physician thinks the patient needs to hear to make the decision. Id. at 486.

Informed consent may occur when a patient elects to proceed with the treatment/surgery after the physician has provided the following information: 1) the condition being treated, 2) the nature and character of the proposed treatment

or surgical procedure, 3) the anticipated results, 4) the recognized possible alternative forms of treatment, including non-treatment, and 5) the recognized, serious possible risks, complications, and anticipated benefits involved in the treatment or procedure and in the recognized possible alternative forms of treatment. Haw. Rev. Stat. § 671-3; <u>Barcai v. Betwee</u>, 98 Haw. 470, 483 (2002). The Hawaii Supreme Court, in <u>Carr v. Strode</u>, indicated that "recognized serious possible risk" is synonymous with "material risk." <u>Carr v. Strode</u>, 79 Haw. at 481, 485, fn 6, 489 (citing <u>Canterbury v. Spence</u>, 464 F.2d 772 (D.C.Cir. 1972)).

Under the patient-oriented standard, "a patient <u>is not required to produce any expert testimony</u> regarding what other [reasonable] physicians would have disclosed under the same or similar circumstances." <u>Barcai</u> at 484 (quoting <u>Carr v. Strode</u>, 79 Haw. at 484 (underline and brackets in original)). Expert testimony is necessary, however, to establish the "materiality" of the risks, i.e. "the nature of risks inherent in a particular treatment, the probabilities of therapeutic success, the frequency of the occurrence of particular risks, and the nature of available alternative forms of treatment" for purposes of evaluating the duty to disclose material risks and whether a reasonable person in plaintiff's position would have proceeded with the treatment despite knowledge of the risk. <u>See Barcai v. Betwee</u>, 98 Haw. at 484; <u>Carr v. Strode</u>, 79 Haw. at 486.

In her motion, Plaintiff misrepresents that Carr provides authority for the proposition that Dr. Parsa's expert testimony may be used to satisfy her burden absent Dr. Parsa being called by Dr. Dieffenbach in his defense and opening the door to his cross-examination by Plaintiff. See Motion at 4 (citing Carr at 487). To the contrary, Carr merely held that the "defendant-physician's testimony may satisfy this burden." Carr v. Strode, 79 Haw. at 487 (commenting on plaintiff's burden to establish "materiality")(internal citations omitted). Accordingly, the only way Plaintiff in this case may attempt to establish breach of informed consent is through cross-examination of Dr. Dieffenbach himself. As previously indicated, Dr. Parsa will not be called to testify by Dr. Dieffenbach. Therefore, his testimony is not available to Plaintiff and she will not be permitted to use it in an attempt to substantiate her claim.

### B. The Prejudicial Effect of Plaintiff's Use of Dr. Parsa's Testimony Outweighs Any Probative Value and Is Therefore Inadmissible

Moreover, Plaintiff may not use Dr. Parsa's testimony as he will not be used as a testifying expert witness by Dr. Dieffenbach and the use of his testimony solely by the Plaintiff would result in unfair prejudice to Dr. Dieffenbach. Federal Rule of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of

cumulative evidence." Fed. Rules. Evid. R. 403.  Any relevant and potentially probative value Dr. Parsa's testimony may have is outweighed by the severely prejudicial effect of allowing Dr. Parsa, as Dr. Dieffenbach's previously identified expert witness, to testify solely for Plaintiff's benefit and on her behalf.

In Saewitz v. Lexington Ins. Co., a case strikingly similar to the present case, the Eleventh Circuit held that calling the opposing party's expert to testify solely on behalf of the opposing party amounts to unfair prejudice and, therefore, was disallowed.  See Saewitz v. Lexington Ins. Co., 133 Fed. Appx. 695, 697 (11th Cir. 2005).  Just as in this case, the Saewitzes originally designated their expert and disclosed his expert report to Lexington, and he was deposed during discovery.  Id.  Similarly, as their case progressed, the claim upon which the Saewitzes' expert was designated to testify was abandoned and his testimony was no longer needed by the Saewitzes.  Id.  Lexington attempted to introduce the testimony and report of the Saewitzes' expert solely for its benefit and the court properly excluded its use as unduly prejudicial to the Saewitzes.  Id.  Pursuant to FRE 403, the unfair prejudice resulting from disclosing the fact that an expert was previously retained by a party, but was called to testify only on behalf of the opposing party, outweighs any probative value that testimony may have.  Id. (citing Peterson v. Willie, 81 F. 3d 1033, 1038 (11th Cir. 1996)).

Accordingly, Dr. Parsa's testimony may not be used by Plaintiff as the prejudicial effect of its use solely by Plaintiff far outweighs any potentially probative value and relevancy it may have to this case.

### C. Dr. Parsa's Deposition Testimony is Inadmissible Hearsay

Furthermore, the use of Dr. Parsa's deposition testimony is inadmissible hearsay. It is well established that where an expert witness is withdrawn prior to trial, the prior deposition testimony of that witness may not be used. See Glendale Fed. Bank v. United States, 39 Fed. Cl. 422, 425 (1997). That deposition testimony is inadmissible hearsay. Id.; see also Liftee v. Boyer, 108 Haw. 89, 97 (Haw. App. 2004) (deposition testimony of the party's expert witness was inadmissible hearsay if the party, who had retained the witness, withdrew the witness).

Dr. Parsa has been withdrawn as a testifying witness in this matter and will not be used at trial by Dr. Dieffenbach. Therefore, Plaintiff may not use any prior testimony or the report previously submitted by Dr. Parsa in this matter as it is inadmissible hearsay.

## III. CONCLUSION

For the foregoing reasons, Plaintiff is not entitled to use the expert testimony of Dr. Parsa to substantiate her claim for breach of informed consent as Dr. Parsa is no longer being called by Dr. Dieffenbach to testify. Furthermore, any

use of his deposition testimony is inadmissible hearsay. Accordingly, Dr. Dieffenbach respectfully requests that Plaintiff's Motion be denied.

DATED: Honolulu, Hawaii, August 3, 2006.

CADES SCHUTTE
A Limited Liability Law Partnership

_____
JEFFREY S. PORTNOY
CHRISTIAN K. ADAMS
Attorneys for Defendant
Kevin W. Dieffenbach, M.D.

ImanageDB:662864.2