# EDMUNDS & VERGA

ATTORNEYS AT LAW, A LAW CORPORATION

JOHN S. EDMUNDS
RONALD J. VERGA
___
JOY S. OMONAKA

SUITE 2104 DAVIES PACIFIC CENTER
841 BISHOP STREET
HONOLULU, HAWAII 96813-3945
(808) 524-2000

FAX
(808) 528-3585

SENDER'S E-MAIL ADDRESS
JEdmunds@ev-law.com

www.ev-law.com

June 17, 2005

Jeffrey S. Portnoy, Esq.
Cades Schutte Fleming & Wright
1000 Bishop Street, Suite 1200
Honolulu, HI 96813

> Re:    Cooper v. Dieffenbach
> Civil No. 03-00595 SPK/LEK

Dear Mr. Portnoy:

You and I have disagreed regarding the admissibility of Dr. Parsa's recent deposition testimony on informed consent. Among the issues on which we disagree is your assertion that the United States District Court in Hawaii will be required to pass on what you claim is an undecided issue of state law and thus may wind up certifying that issue over to the Hawaii Supreme Court for decision. Because I do not agree with your position, or perhaps don't understand it, I am writing in an effort to clarify what issue you claim it is which may be in need of resolution.

My position is as follows: In <u>Barcai v. Betwee</u>, 98 Haw. 470, 484, 50 P.3d 946 (2002), the Hawai'i Supreme Court stated:

> However, typically, expert testimony is necessary in informed consent cases. In particular, <u>expert testimony will ordinarily be required to establish the "materiality" of the risks</u>, i.e., "the nature of risks inherent in a particular treatment, the probabilities of therapeutic success, the frequency of the occurrence of particular risks, and the nature of available alternatives to treatment." *Carr*, 79 Hawai'i at 486, 904 P.2d at 500 (citing *Bernard* I, 79 Hawai'i at 383, 903 P.2d at 688). Because lay jurors do not normally possess such information, it must be made available to them by an expert in order that they can determine the factual question whether a reasonable person would have wanted to consider the purportedly withheld information before consenting to the treatment. *See Carr*, 79 Hawai'i at 486, 904 P.2d at 500. The plaintiff, however, need not necessarily

Jeffrey S. Portnoy, Esq.
June 17, 2005
Page 2


provide such expert testimony; the requisite foundation can be established by the defendant's expert testimony. Id. at 487, 904 P.2d at 501 (emphasis added).

At Dr. Parsa's deposition, he admitted that two risks which he first agreed were "material risks" and later agreed were "important risks" should have been disclosed to Plaintiff Dawn Cooper, viz., (i) because of her history of smoking prior to three months before surgery, and assuming arguendo for the sake of this series of questions, that she had stopped all smoking within three months prior to surgery, she was at far greater risk for having the very complication which she suffered and (ii) because of her weight, she was at far greater risk for having the very complication which she suffered. (I am, of course, paraphrasing his testimony regarding these two risks, but I think you will agree that this is substantially what he said.)

Dr. Parsa was clear that in his opinion it was these risks which either singly or in combination proximately caused the injuries and damages which Dawn sustained. Although Dr. Parsa did not use the phrase "proximate cause", you will recall that he said the only three possible causes for the hideous results suffered by Ms. Cooper were (i) her history of smoking, (ii) her weight and (iii) the exceedingly rare possibility of a vascular anomaly.

And you will of course recall that in a series of answers in his deposition, Dr. Parsa also admitted that the risks due to smoking history and weight were "material" until he contradicted himself and asked for a definition of the term "material". When I asked him to substitute the phrase "important risk" for "material risk", he continued to admit that the long smoking history and weight of Ms. Cooper were "important risks". The risks due to Dawn's smoking history and due to her weight, he said, should have been explained to her and any failure to do so was a breach of the applicable standard of care.

Under Barcai, it is clear that an expert can testify that the two risks Dr. Parsa identified as "material" (and then "important") were "material" risks as defined by that case. It is also undisputed that an expert can state an opinion on proximate cause. If an expert can testify concerning "material" or "important" risks and concerning proximate cause, the only remaining issue seems to be whether Plaintiff can introduce Dr. Parsa's deposition testimony as part of her case, where Dr. Parsa was retained as a defense expert. I believe the law on this is settled and that once a defendant converts a consulting expert to a disclosed and testifying expert, that expert's testimony can be introduced by the plaintiff if it is favorable to plaintiff's case. Our office has successfully introduced such testimony from a defendant's retained expert in the past and I would be glad to furnish you with authorities supporting this position, should you wish. However, Barcai seems all the authority necessary since, as noted above, the court expressly

Jeffrey S. Portnoy, Esq.
June 17, 2005
Page 3


held: "Because lay jurors do not normally possess such information, it <u>must</u> be made available to them by an expert in order that they can determine the factual question whether a reasonable person would have wanted to consider the purportedly withheld information before consenting to the treatment. See <u>Carr</u>, 79 Hawai'i at 486, 904 P.2d at 500. The plaintiff, however, need not necessarily provide such expert testimony; <u>the requisite foundation can be established by the defendant's expert</u> testimony. <u>Barcai</u>, 98 Haw. at 484(emphasis added).

Assuming this last sentence in the quote from <u>Barcai</u> refers to expert testimony to be elicited by the plaintiff from the defendant himself (and does not refer to the defendant's retained and disclosed expert), do you claim that where a defendant-physician retains and then discloses an expert such as Dr. Parsa, such an expert's opinion cannot be introduced by the plaintiff?

I am not asking you to concede the admissibility of Dr. Parsa's opinions on "material risks", "important risks" or causation. I am, however, trying to determine whether you claim these are issues which are somehow unsettled and unique enough to require certification by our federal district court.

Against this background, what else is there in Dr. Parsa's testimony which you claim I will offer into evidence as part of Plaintiff's case on which the law is unsettled? Is it only the additional admission by Dr. Parsa that Dr. Dieffenbach's failure to make the disclosures in question constituted conduct which was below the applicable standard of care?

Are you willing to advise me of your precise position regarding these questions? If you will do so, I will promptly advise you whether Plaintiff intends to try this case in federal court.

Sincerely yours,

John S. Edmunds

JSE:mkn
C:\Data\CLIENTS\Cooper\059.wpd

cc:    Ms. Dawn Cooper