# cades schutte

**Jeffrey S. Portnoy**
Direct Line: (808) 521-9221
Direct Fax: (808) 540-5040
E-mail: jportnoy@cades.com

June 20, 2005

John S. Edmunds, Esq.
Edmunds & Verga
841 Bishop Street, Suite 2104
Honolulu, HI 96813

    Re:    <u>Cooper v Dieffenbach, CV 03-00595 (USDC)</u>

Dear John:

    Your letter of June 17th arrived shortly before I leave on an extended trip which will keep me out of the jurisdiction for about a month. I really do not have the time now to engage in a substantive dialog with you regarding the issues you present in your letter, nor do I think it is going to be very productive for you and I to try to convince each other about either the admissibility of Dr. Parsa's "deposition testimony", nor his opinions. We will have more than enough time to argue these issues either in Motions in Limine or at trial.

    You initially brought this case in State court and after we named the Government as a third-party defendant, it was removed by it to Federal court. You could have alleged diversity at the time you initially filed, but chose not to. On the present status of the pleadings, there is no Federal jurisdiction, although I certainly understand that you could move to amend to allege diversity.

    Based upon my conversation with Joy at the Status Conference, it appears that based upon our respective trial calendars, whether this case stays in Federal court or is remanded to State court is not going to sufficiently alter the fact that the earliest this case will be tried is May or June of 2006. I really don't have any great objection to leaving the case in Federal court, although I continue to believe medical malpractice cases brought by a patient against a private physician is solely a question of State law and it is the State courts that should be trying these cases and handling appeals if necessary.

    If you want the case to stay in Federal court, then it looks like you are going to need to file an Amended Complaint. There is nothing about the specifics of this case that leads me to that conclusion, other than the fact that this is where the case was initially brought by you and where it should, in my humble opinion, be litigated.

    One additional issue that needs to be resolved. Are you going to continue to use your expert who concluded that there was no breach of the standard of care in the services provided to your client (for whatever reason, I do not recall that he ever addressed the informed consent issues). If you are going to use him, I'm going to want to take his deposition some time in the late Summer or early Fall.

C S

Cades Schutte Building
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813
Tel: 808.521.9200
Fax: 808.521.9210
www.cades.com

Kona Office
75-170 Hualalai Road, Suite 303
Kailua Kona, Hawaii 96740
Tel: 808.329.5811
Fax: 808.326.1175

John S. Edmunds, Esq.
June 20, 2005
Page 2

  By the way, we have made no decision as to whether we intend to use Dr. Parsa as a trial expert. Like you did with your expert, we submitted an expert report and we permitted you to take his deposition. If I follow your logic to its reasonable conclusion, we are entitled to depose your expert whether you now decide not to use him at trial and if his deposition testimony is advantageous, we can read it into the record at trial regardless of whether you call him as a trial witness or not. I would certainly like to see the "precedents" you claim in your letter that you have been permitted to use a non-testifying expert's deposition at trial.

  Finally, I don't want you or your client to think that the fact that I am engaging in this substantive dialog in any way alters my view of Dr. Parsa's testimony on the informed consent issues. I don't think he could have made it any clearer that he "never" advises a patient that obesity is a significant factor to consider in deciding whether to proceed with mammoplasty or, for that matter, any plastic surgery, and since he has been clearly recognized as the preeminent plastic surgeon in this jurisdiction, even by you, I may add, it will be interesting to see how this all plays out.

            Very truly yours,

            Jeffrey S. Portnoy
            for
            CADES SCHUTTE
            A Limited Liability Law Partnership

Cc: Clients
ImanageDB:595321.1



RECEIVED
JUN 21 2005
AT _____10:30 am_____ O'CLOCK
EDMUNDS & VERGA