IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| DAWN COOPER, | ) | CIVIL NO. 03-00595 SPK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KEVIN W. DIEFFENBACH, M.D., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING PLAINTIFF'S MOTION RE USE OF**
**<u>DEFENSE EXPERT'S TESTIMONY ON INFORMED CONSENT</u>**

Before the Court is Plaintiff Dawn Cooper's ("Plaintiff") Motion re Use of Defense Expert's Testimony on Informed Consent, filed on July 12, 2006 ("Motion"). Defendant Kevin W. Dieffenbach, M.D. ("Defendant") filed his memorandum in opposition to the Motion on August 3, 2006 and Plaintiff filed her reply on August 17, 2006. This matter came on for hearing on August 28, 2006. John Edmunds, Esq., appeared on behalf of Plaintiff and Jeffrey Portnoy, Esq., and Christian Adams, Esq., appeared on behalf of Defendant. After careful consideration of the Motion, supporting and opposing memoranda, and the arguments of counsel, Plaintiff's Motion is HEREBY DENIED for the reasons set forth below.

**<u>BACKGROUND</u>**

On July 16, 2001, Defendant performed a breast reduction surgery on Plaintiff, removing approximately 820 grams

of tissue.  Plaintiff alleges that Defendant performed the surgery and the post-operative care in a negligent manner, causing her significant injuries.

Plaintiff initially filed this case in state court on September 3, 2003.  The case was later removed to federal court.  Plaintiff filed her First Amended Complaint on October 18, 2005.  Plaintiff alleges three causes of action against Defendant: negligence, gross negligence, and lack of informed consent.  Plaintiff seeks special, general, and punitive damages, attorney's fees and costs, and any other appropriate relief.  The instant case is before the federal court based on diversity jurisdiction.

With regard to the informed consent claim, Plaintiff alleges that Defendant and his agents failed to advise her of the risks of the surgery and the post-surgical care.  She further alleges that Defendant did not warn or inform her of the kinds of consequences that could result, and/or the severity of the pain and permanent disfigurement that could, and did, result from the procedure.  She asserts that, if she had been properly warned of these risks, she would not have consented to the procedure.

On April 14, 2005, Defendant identified F. Don Parsa, M.D., as his expert witness and provided his report.  [Exh. A to Motion (report).]  Plaintiff's counsel deposed Dr. Parsa for five hours on May 6, 2005.  [Mem. in Supp. of Motion at 2 & n.1; Exh.

B to Motion (deposition transcript).] Dr. Parsa gave extensive testimony about the materiality of the disclosures required to meet the standard of care for informed consent. For example, he testified that Plaintiff's weight and smoking were important risk factors. Plaintiff filed the instant Motion on July 12, 2006, seeking to use Dr. Parsa's opinions to establish her informed consent claim. [Mem. in Supp. of Motion at 2-3.]

Plaintiff acknowledges that, under Hawai`i law, expert testimony is not required to establish the amount of information a patient needs to make an informed decision, but she argues that expert testimony is necessary to establish the materiality of the risks, the nature and frequency of the risks, the probability of success, and the nature and availability of alternate forms of treatment. Plaintiff also argues that, under Hawai`i law, a plaintiff need not present this expert testimony; she can prove this element of her case through the defendant's expert testimony. [Id. at 3-4 (citing Carr v. Strode, 79 Hawai`i 475, 486-87, 904 P.2d 489, 500-01 (1995)).]

Defendant filed his memorandum in opposition to the Motion on August 3, 2006. Defendant points out that, on December 15, 2004, Plaintiff disclosed Roger L. Greenberg, M.D., as her expert witness and provided his report. Defendant argues that Dr. Greenberg's report does not support Plaintiff's claim that Defendant breached the standard of care. After Dr. Parsa's

deposition, Plaintiff withdrew Dr. Greenberg and confirmed that she would not call him to testify on any issue. Defendant decided not to call Dr. Parsa at trial because Plaintiff no longer had an expert witness. [Mem. in Opp. at 2-3.]

Defendant argues that, by withdrawing Dr. Greenberg as her expert witness, Plaintiff has abandoned her claim for breach of the standard of care because, under Hawai`i law, a plaintiff has the burden of proving the applicable standard of care through expert testimony. Defendant argues that the only remaining claim is the informed consent claim. [Id. at 3.] Defendant asserts that Plaintiff cannot use Dr. Parsa's testimony to establish her informed consent claim because he will not testify at trial. [Id. at 4.] Defendant argues that Carr does not stand for the proposition that a plaintiff can use the testimony of a defendant's expert to establish materiality of the risks. The Hawai`i Supreme Court merely stated that the "'defendant-physician's testimony may satisfy'" the plaintiff's burden to prove materiality. [Id. at 6 (quoting Carr, 79 Hawai`i at 487).]

Defendant also argues that allowing Plaintiff to use Dr. Parsa's testimony would be unduly prejudicial. Thus, any probative value of his testimony would be outweighed by the prejudice of having Defendant's previously identified expert testify solely on Plaintiff's behalf. [Id. at 6-7.] Finally, Defendant argues that, because he has withdrawn Dr. Parsa as a

4

testifying witness, Dr. Parsa's deposition testimony is inadmissible hearsay.  [Id. at 8.]

Plaintiff filed her reply on August 17, 2006. Plaintiff states that, after Dr. Parsa' May 6, 2005 deposition, Plaintiff's counsel notified Defendant's counsel that Plaintiff intended to use Dr. Parsa's deposition testimony at trial.  [Exh. A to Reply.]  Defendant's counsel expressed doubts whether Dr. Parsa's deposition testimony would be admissible if Defendant decided not to call him at trial.  [Exh. B to Reply.]  In a July 26, 2005 e-mail, Plaintiff's counsel confirmed that Plaintiff would not call Dr. Greenberg and that, except for introducing Dr. Parsa's testimony, she would not call another expert witness on liability issues.  [Exh. C to Reply.]

Plaintiff argues that, under the Federal Rules of Civil Procedure, once an expert witness has been identified by a party, there are certain circumstances under which courts allow the expert to testify for the opposing party.  Plaintiff argues that the Court should adopt a discretionary standard that balances the interests of the party and the court against the potential for prejudice to the party who originally identified the expert, but who does not want the expert to testify at trial.  [Reply at 4-8 (citing House v. Combined Ins. Co. of Am., 178 F.R.D. 236 (N.D. Iowa 1996)) (some citations omitted).]  Plaintiff notes that, in House, the court allowed the plaintiff to call the defendant's

expert, but ordered that neither party could tell the jury how the expert became involved in the case. [Id. at 6.]

Plaintiff also argues that, by identifying a testifying expert and producing the expert's report, the identifying party waives any claim that the expert's opinions are privileged. Thus, the opposing party may have access to the expert and may call the expert to testify at trial if the expert is willing. [Id. at 8 (citing Fitzgerald v. Stanley Roberts, Inc., 895 A.2d 405, 413 (N. J. 2006)).] Plaintiff argues that the Fitzgerald court's conclusion is consistent with the majority of courts that have addressed the issue. The rules designed to protect a party's consulting experts do not protect an expert who was previously designated a testifying expert. She asserts that a party seeking to call the opposing party's expert need not show exigent circumstances. [Id. at 9.]

Plaintiff also argues that the probative value of Dr. Parsa's opinions is not substantially outweighed by the danger of unfair prejudice. Plaintiff emphasizes that Dr. Parsa is a credible expert witness who is highly qualified to give expert opinions on materiality. Plaintiff points out that she withdrew her designation of Dr. Greenberg in reliance on Dr. Parsa's opinions and on case law authorizing Plaintiff to introduce such opinions. Plaintiff's deadline to disclose expert witnesses has passed and there will be no other expert testimony

on informed consent at trial.  [Id. at 10-11.]

Finally, Plaintiff argues that it is premature for the Court to address Defendant's hearsay objection to Dr. Parsa's deposition testimony.  Plaintiff contends that the Court should not rule on that issue until Plaintiff submits her final witness list and determines whether Dr. Parsa will be available to testify at trial.  [Id. at 13-14.]

## DISCUSSION

### I.   Hawai`i Informed Consent Law

Under Hawai`i law, a patient gives informed consent to a medical procedure if he has been informed of:

> (1) condition being treated; (2) nature and character of the proposed treatment or surgical procedure; (3) anticipated results; (4) recognized possible alternative forms of treatment; and (5) recognized serious possible risks, complications, and anticipated benefits involved in the treatment or surgical procedure, as well as the recognized possible alternative forms of treatment, including non-treatment.

Barcai v. Betwee, 98 Hawai`i 470, 483, 50 P.3d 946, 959 (2002) (citing Haw. Rev. Stat. § 671-3).  The elements of a claim for the negligent failure to obtain informed consent are:

> (1) the physician owed a duty to disclose the risk of one or more of the collateral injuries that the patient suffered; (2) the physician breached that duty; (3) the patient suffered injury; (4) the physician's breach of duty was a cause of the patient's injury in that (a) the physician's treatment was a substantial factor in bringing about the patient's injury and (b) a reasonable person in the plaintiff patient's position would not have consented to the treatment that led to

>          the injuries had the plaintiff patient been
>          properly informed; and (5) no other cause is a
>          superseding cause of the patient's injury.

Id. at 483-84, 50 P.3d at 959-60 (citation omitted).  Hawai`i courts use a "patient oriented standard", which "requires a physician to disclose what a reasonable patient needs to hear from his or her physician in order to make an informed and intelligent decision regarding treatment . . . ."  Id. at 484, 50 P.3d at 960 (citation omitted) (alteration in original).  The standard focuses on the information that the patient needs to make an informed decision; the plaintiff-patient need not produce expert testimony regarding what other physicians in the same or similar circumstances would disclose.  See id.  Expert testimony, however, is generally necessary "to establish the 'materiality' of the risks, i.e., 'the nature of risks inherent in a particular treatment, the probabilities of therapeutic success, the frequency of the occurrence of particular risks, and the nature of available alternatives to treatment.'"  Id. (quoting Carr, 79 Hawai`i at 486, 904 P.2d at 500.).

Plaintiff cites Carr, 79 Hawai`i at 487, 904 P.2d at 501, for the proposition that a plaintiff "need not necessarily provide such expert testimony; the requisite foundation can be established by the defendant's expert testimony."  [Mem. in Supp. of Motion at 4 (emphasis in original).]  What the Hawai`i Supreme Court actually said was: "It is clear that a defendant-

8

physician's testimony may satisfy this burden." Carr, 79 Hawai`i at 487, 904 P.2d at 501 (citation omitted) (emphasis added). Thus, Carr does not support Plaintiff's position that she may use Defendant's expert witness to establish materiality of the risks. Plaintiff can present her own expert witness on the issue, or she may elicit such testimony from Defendant himself.

## II. Whether Plaintiff Can Call Dr. Parsa to Testify

A party must disclose the identity of any person who she may call at trial to testify pursuant to Federal Rules of Evidence 702, 703, or 705. See Fed. R. Civ. P. 26(a)(2)(A). Generally, if the party retained or specifically employed the witness to give expert testimony, she must also provide a copy of the expert's report. See Fed. R. Civ. P. 26(a)(2)(B). Plaintiff's expert disclosures were due on November 8, 2004. Plaintiff did not identify Dr. Parsa as one of her potential trial expert witnesses, as required by Rule 26(a)(2). The only expert she identified was Dr. Greenberg, whom she has withdrawn.

Defendant timely identified Dr. Parsa as a potential trial expert witness, and Plaintiff has taken his deposition. However, in light of the fact that Plaintiff no longer has an expert witness, Defendant has decided that he will not call Dr. Parsa at trial. Plaintiff argues that, in light of her reliance on Defendant's previous designation of Dr. Parsa as a testifying witness, she should be allowed to call him in spite of

9

Defendant's withdrawal of the designation.

### A. <u>**Applicable Standard**</u>

Whether a party may depose an opposing party's expert witness is governed by Rule 26(b)(4), which provides:

> (A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.
> (B) A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.

Fed. R. Civ. P. 26(b)(4). The instant Motion addresses the related issue of whether a party may call an opposing party's previously designated testifying witness once the opposing party has withdrawn the designation. The Ninth Circuit has not addressed this issue, but the courts that have addressed it

> have applied three different standards to the question of whether a party should have access to and be able to use at trial an expert hired by the opposing party. Moving from least to most permissive, the first of those standards is an "exceptional circumstances" standard founded on Fed.R.Civ.P. 26(b)(4)(B). The second standard is articulated in the most recent of the decisions to discuss the question, <u>Peterson v. Willie</u>, 81 F.3d 1033 (11th Cir.1996), which despite their capable briefing and argument the parties did not discover, although, in some respects, it is more

> directly on point than any of the decisions cited by the parties.  <u>Peterson</u> suggests a "discretionary" or "balancing" standard, involving a balancing of the interests of the party and the court against the potential for prejudice to the party who hired the expert, but who does not wish to use that expert at trial.  The third, and most permissive standard, is based upon a few cases finding an "entitlement" to call an opposing party's expert under certain circumstances, despite the opposing party's desire *not* to have the expert testify.

<u>House v. Combined Ins. Co. of Am.</u>, 168 F.R.D. 236, 240 (N.D. Iowa 1996) (emphasis in original).

The court in <u>House</u> ruled that the circumstances of the case dictate which of the three standards applied.  <u>See</u> <u>id.</u> Where the expert was never designated as a testifying witness, the "extraordinary circumstances" standard based on Rule 26(b)(4)(B) applies.  <u>See</u> <u>id.</u> at 245.  Once a party designates an expert as a testifying expert, the "extraordinary circumstances" standard no longer applies, even if the party subsequently withdraws the designation.  <u>See</u> <u>id.</u>  In <u>House</u>, the defendants designated a testifying expert and the expert conducted a Federal Rule of Civil Procedure 35 examination of the plaintiff.  The defendants, however, subsequently withdrew the testifying expert designation.  <u>See</u> <u>id.</u> at 246.  The court ruled that "the proper standard in these circumstances is a 'discretionary' standard, where the trial court's discretion is guided by a balancing of probative value against prejudice under Fed.R.Evid. 403."  <u>Id.</u> (citations omitted).

In applying the discretionary standard to the facts of the case, the court noted that the expert had relevant information that was probative of the plaintiff's emotional distress damages and that the disputed expert was a psychiatrist, while the plaintiff's own expert was a social worker. Thus, the disputed expert's testimony was not cumulative. The court also considered the judicial interest in the proper resolution of the issues before it. In addition, the plaintiff arguably consented to be examined by the disputed expert on the assumption that he would testify at trial. See id. at 247. The court, however, noted that there was "tremendous potential for prejudice" if it was revealed to the jury that the defendants had retained and then dropped the expert once his opinions became known. Id. at 248. The court concluded that it could avoid this prejudice by preventing either party and the expert from disclosing how he originally became involved in the case. See id.

Two district courts in the Ninth Circuit have considered House and found it to be distinguishable. The court in Lehan v. Ambassador Programs, Inc., noted that the court in House did not have the benefit of the disputed expert's Rule 35 report. See 190 F.R.D. 670, 673 (E.D. Wash. 2000). The House court assumed that the expert would express an opinion favorable to the plaintiff. In contrast, the court in Lehan had the disputed expert's Rule 35 report and there was nothing in the

12

report supporting an inference that the defendant was declining to call the expert to prevent testimony favorable to the plaintiff. In addition, the court disagreed with the implied preference in House of a psychiatrist's testimony over a social worker's. See id. at 673-74. The court adopted the "exceptional circumstances" standard. See id. at 674. In FMC Corp. v. Vendo Co., the court distinguished House, noting that the experts in FMC "have not performed a personal medical examination pursuant to Rule 35, nor scientific tests that are unavailable or unduplicatable[,]" and applied the "exceptional circumstances" standard. 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002).

       This Court is persuaded by the reasoning of Lehan and FMC. In the present case, Plaintiff has identified the specific opinions that Dr. Parsa gave which she wishes to use in her case. She implies that Defendant withdrew Dr. Parsa to prevent him from giving testimony favorable to her. The Court is not inclined to make such an inference because, in the Court's view, the present situation is the result of Plaintiff's own actions. Plaintiff chose to designate only one testifying expert and she was apparently dissatisfied with his opinions. She then chose to withdraw him. It was Plaintiff's decisions which prompted Defendant to withdraw Dr. Parsa as a testifying witness. The timing of Dr. Parsa's withdrawal bears this out. Defendant did not withdraw Dr. Parsa following his deposition, when he

allegedly gave testimony favorable to Plaintiff.  Defendant only withdrew Dr. Parsa, who was a rebuttal expert, after Plaintiff withdrew her expert.

Defendant's decision not to call Dr. Parsa at trial was permissible and it transformed Dr. Parsa into a non-testifying expert within the meaning of Rule 26(b)(4)(B).  Rule 26(b)(4)(B) "is designed to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation."  Wolt v. Sherwood, 828 F. Supp. 1562, 1568 (D. Utah 1993).  Defendant will use Dr. Parsa as a consulting expert in Defendant's diligent trial preparation.  Fairness requires that the Court place reasonable limitations upon Plaintiff's access to Dr. Parsa.  Under the circumstances of this case, the Court finds that Plaintiff may only use Dr. Parsa' testimony if she establishes exceptional circumstances.  Cf. FMC Corp., 196 F. Supp. 2d at 1046 (discussing In re Shell Oil Refinery, 132 F.R.D. 437 (E.D. La. 1990)).

    B.    **Applying the Exceptional Circumstances Standard**

> Under Rule 26(b)(4)(B), a party "carries a heavy burden in demonstrating the existence of exceptional circumstances." Spearman Indus. v. St. Paul Fire & Marine Ins. Co., 128 F.Supp.2d 1148, 1151 (N.D.Ill.2001) (citation omitted).  Exceptional circumstances may exist where 1) the object or condition at issue is destroyed or has deteriorated after the non-testifying expert observes it but before the moving party's expert has an opportunity to observe it; or 2) there are no other available experts in the same field or subject area.  See Spearman, 128 F.Supp.2d at

1152.

Id. In the present case, there is nothing indicating that Plaintiff's post-surgery condition deteriorated or that information about her condition when she underwent the surgery was destroyed after Dr. Parsa reviewed them.  Thus, both Plaintiff and the information are still available for further review.  There is also no indication that Dr. Parsa is the only available expert in the field.  Plaintiff may argue that she has been unable to find a new expert witness and that this proves that Dr. Parsa is the only available expert within the field.[1] Dr. Parsa is the chief of the plastic surgery division of the University of Hawai`i John A. Burns School of Medicine. Plaintiff has not established that Dr. Parsa has specialized knowledge, training, or experience that other plastic surgeons would not have.  The fact that Plaintiff has been unable to find another surgeon who shares Dr. Parsa's opinions about the instant case does not mean that he is the only available expert in the field.  This Court therefore finds that Plaintiff has not established the exceptional circumstances necessary to warrant calling Dr. Parsa in spite of Defendant's decision to designate

---

[1] At the hearing on the Motion, this Court, with the agreement of Defendant, allowed Plaintiff to explore the option of identifying a new expert witness.

him as a consulting expert.[2]  Plaintiff's Motion is therefore DENIED.

### III. **Plaintiff's Motion to Further Depose Defendant**

At the hearing on the Motion, Plaintiff made an oral motion for leave to conduct a further deposition of Defendant. Plaintiff would confront Defendant with Dr. Parsa's deposition testimony.

Absent a written stipulation by the parties, in order for a party to depose someone who has already been deposed in the case, she "must obtain leave of court, which shall be granted to the extent consistent with the principles stated in Rule 26(b)(2)[.]"  Fed. R. Civ. P. 30(a)(2)(B).  In determining whether to allow the party to conduct a further deposition, the court should consider whether:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2).

---

[2] The Court declines to address Defendant's argument that Dr. Parsa's deposition testimony would be inadmissible hearsay. This issue is best resolved in a motion in limine.

In the present case, Plaintiff had ample opportunity to question Defendant about the materiality of the disclosures required to meet the standard of care for informed consent. Plaintiff did not have Dr. Parsa's testimony when she deposed Defendant, but she had the opportunity to ask Defendant the same questions she asked Dr. Parsa.  Thus, the Court finds that a further deposition of Defendant would be duplicative.  In addition, Plaintiff could use less burdensome discovery methods, such as interrogatories, to determine Defendant's view of Dr. Parsa's opinions.  Plaintiff's oral motion to further depose Defendant is therefore DENIED.

## CONCLUSION

On the basis of the foregoing, Plaintiff's Motion re Use of Defense Expert's Testimony on Informed Consent, filed on July 12, 2006, is HEREBY DENIED.  Plaintiff's oral motion to conduct a further deposition of Defendant is also DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, October 10, 2006.



　　　　　　　 /S/ Leslie E. Kobayashi
　　　　　　Leslie E. Kobayashi
　　　　　　United States Magistrate Judge

**DAWN COOPER V. KEVIN W. DIEFFENBACH, M.D.; CIVIL NO. 03-00595 SPK-LEK; ORDER DENYING PLAINTIFF'S MOTION RE USE OF DEFENSE EXPERT'S TESTIMONY ON INFORMED CONSENT**