IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAWN COOPER, ) | CIVIL NO. 03-00595 SPK/LEK |
| ) | |
| Plaintiff, ) | STATEMENT IN SUPPORT OF |
| ) | NOTICE OF APPEAL |
| vs. ) | |
| ) | |
| KEVIN W. DIEFFENBACH, M.D. and ) | |
| DOES 1-10, ) | |
| ) | |
| Defendants. ) | |
| ) | |

STATEMENT IN SUPPORT OF NOTICE OF APPEAL

I.    Jurisdiction

On October 10, 2006, Magistrate-Judge Leslie Kobayashi entered an Order Denying Plaintiff's Motion re Use of Defense Expert's Testimony on Informed Consent (hereinafter "Order").

On October 20, 2006, pursuant to a stipulation between counsel, Magistrate-Judge Kobayashi granted an extension through and including October 27, 2006, the time within which Plaintiff could file and serve this notice of appeal pursuant to LR 74.1.

II.    Facts and Procedural Background

Plaintiff, then age 21 and married, was five feet, five inches and weighed approximately 218 pounds had extremely large breasts. She required a G

cup supporting bra and suffered from the physical pain which accompanies this condition. Her condition had reached the point where there were significant non-cosmetic reasons for having breast reduction surgery. She was a military wife and was referred by the military to Defendant Dr. Kevin Dieffenbach. Dr. Dieffenbach agreed that there were significant medical, non-cosmetic reasons for surgery to reduce Ms. Cooper's breast size. On July 16, 2001, Defendant performed the surgery, removing approximately 820 grams from each breast. The results were catastrophic.

      The magnitude of injury to Plaintiff can only truly be understood by viewing the post-surgical condition of her breasts. Copies of those photographs, which this Court is respectfully requested to view, depict enormous black areas of dead tissue and are attached collectively as Exhibit A hereto.

      Plaintiff retained and disclosed her expert witness, Dr. Roger Greenberg, as a potential expert on both the issues of breach of the standard of care by Defendant Dr. Dieffenbach and lack of informed consent.

      Defendant timely identified F. Don Parsa, M.D. as his expert pursuant to Federal Rule 26 (a)(2)(A) and provided a report in conformity with Rule 26 (a)(2)(B). Plaintiff's counsel then deposed Dr. Parsa on May 6, 2005. (Order, p. 2, last line, to p. 3, first line). Dr. Parsa testified in his deposition that there were

two "important risk factors" which should have been disclosed to Ms. Cooper before the surgery, viz., her weight and her history of smoking:

> Q. [by Mr. Edmunds] Surgeons should disclose to their patients important risk factors before surgery, correct?
>
> A. Correct.
>
> Q. <u>And a surgeon who meets the standard of care for disclosure would, therefore, have disclosed weight[1] as a rsik factor to Ms. Cooper before operating, correct? Yes or no?</u>
>
> A. <u>Yes.</u>
>
> Q. Thank you. Now, smoking is also an important risk factor in Ms. Cooper's case, correct?
>
> A. Yes.
>
> Q. <u>And her history of smoking was an important risk factor before her surgery?</u>
>
> A. <u>Right.</u>
>
> Q. <u>And important risk factors should be disclosed by the surgeon to the patient before operating?</u>
>
> A. <u>Correct.</u>

---

[1] Dr. Parsa testified that Ms. Cooper's weight of 218 pounds put her in the "obese range." Parsa deposition excerpt, p. 75, lines 17-21. This deposition excerpt is cited at pp. 2-3 of the Order here being appealed from.

> Q. And the risk factor of smoking should have been disclosed to Ms. Cooper before he operated, correct?
>
> A. Yes.
>
> Q. So if Dr. Dieffenbach did not disclose those two risk factors of weight and smoking as factors before he operated, if he didn't, under the facts and circumstances as you know them to be, he violated the applicable standard of care?
>
> A. Right.

Excerpt of Deposition of F. Don Parsa, M.D, being Exhibit B to Motion, cited in Order at p. 2, last line and p. 3, top line.

The foregoing admissions by Dr. Parsa came only at the end of a lengthy examination by Mr. Edmunds but clearly support Plaintiff's claim for lack of informed consent since it is undisputed that Dr. Dieffenbach did not give Ms. Cooper the warnings which Dr. Parsa testified should have been given by any physician meeting the appropriate standard of care.

Plaintiff's counsel took the position that such testimony by Dr. Parsa was admissible as part of Plaintiff's case in chief. Defense counsel disagreed and withdrew Dr. Parsa as a designated expert.[2] Mr. Edmunds then filed Plaintiff's

---

[2] In her Order, Magistrate-Judge Kobayashi states that "Plaintiff did not identify Dr. Parsa as one of her potential trial expert witnesses, as required by Rule 26. The only expert she identified was Dr. Greenberg, whom she has withdrawn." Plaintiff's counsel is unclear why the

Motion re Use of Defense Expert's Testimony on Informed Consent on July 12, 2006.  On August 3, 2006, Defense counsel filed his Memorandum in Opposition to that Motion and Plaintiff's counsel filed his Reply Memorandum and accompanying exhibits on August 17, 2006.

The matter came on for oral argument and on October 10, 2006, Magistrate-Judge Kobayashi issued the Order from which this appeal is taken.

III.   Argument

    A.   Plaintiff Should Be Allowed To Subpoena Dr. Parsa as An Expert Witness (Or To Introduce the Deposition Testimony of Dr. Parsa) in Plaintiff's Case in Chief

Plaintiff's position is simple: defense counsel retained, disclosed and turned in a report for an expert (Dr. Parsa) who had been designated as a defense expert.  Then, when Plaintiff's counsel deposed that expert and obtained crucial

---

Magistrate-Judge made this finding.  Plaintiff's expert designations were due on December 15, 2004 pursuant to the Stipulation to Extend Deadline To Disclose Identity and Written Report of Any Expert Witness; and Order filed herein on October 25, 2004.  Following two additional extensions, Defendant's designation of experts was due by April 14, 2005; it was then, for the first time, that Plaintiff learned Defendant intended to call Dr. Parsa.  Also, Plaintiff's expert designation did state: "Since discovery is on-going, Plaintiff reserves the right to retain and/or identify additional experts as necessary and to supplement this Disclosure accordingly."  See Plaintiff's Rule 26(A)(2) Disclosures filed herein on December 14, 2005.  The first extension moved the deadline from January 14, 2005 to February 14, 2005.  See Stipulation to Extend Time for Defendant/Third Party Plaintiff Kevin W. Dieffenbach, M.D. and Third-Party Defendant United States of America to to Disclose Identity and Written Report of Any Expert Witness; and Order filed on January 28, 2005.  The second extension moved the deadline from February 14, 2005 to March 16, 2005.  See Stipulation to Extend Time for Defendant/Third Party Plaintiff Kevin W. Dieffenbach, M.D. and Third-Party Defendant United States of America to to Disclose Identity and Written Report of Any Expert Witness; and Order filed on February 17, 2005.

admissions proving Plaintiff's case on lack of informed consent, Defense counsel withdrew Dr. Parsa as a defense witness. Plaintiff's counsel discovered opinions in his deposition of Dr. Parsa which he had not ever been told by Plaintiff's own retained expert, Dr. Greenberg. Defense expert Dr. Parsa is an unquestionably eminent expert in his field. In addition to having a private practice specializing in plastic surgery, Dr. Parsa, he sits on the faculty at the John A. Burns School of Medicine and has won international recognition for his abilities in this field. (See Dr. Parsa's curriculum vitae, attached as Ex. A to the Motion).

And despite Plaintiffs' counsel's efforts, he has been unable to locate another expert who shares the opinions stated by Dr. Parsa as quoted above.

This Court undoubtedly realizes the difficulties any plaintiff faces in a pursuing a claim for medical negligence against a physician. Where, as here, plaintiff's counsel is able to obtain forthright and candid admissions in the form of blunt, unqualified opinions by Defendant's chosen expert in the area of informed consent, concerning a breach of that standard of care, those admissions should not be rendered inadmissible by the Defendant's "election" not to call that expert.

If discovery and cross-examination are indeed a search for the truth, once that "truth" is uncovered, even if that "truth" is opinion testimony regarding breach of the standard of care, it should not be kept from the jury.

Plaintiff's counsel freely admits that his own retained expert, Dr. Greenberg, did not share Dr. Parsa's strong opinions concerning breach of the standard of care by Dr. Dieffenbach concerning his failure to warn Plainitff of the risks of the surgery which Dr. Parsa described.  Plaintiff's counsel was also not able to retain any other expert who shared Dr. Parsa's opinions.

Here, Magistrate-Judge Kobayashi stated she applied "the discretionary standard" to the facts of this case.  She found that "Defendant's decision not to call Dr. Parsa at trial was permissible and it transformed Dr. Parsa into a non-testifying expert within the meaning of Rule 26 (b)(4)(B).  But Plaintiff's counsel submits that this finding assumed the conclusion.  Where Dr. Parsa was disclosed, wrote a report and was submitted for deposition, why are not his statements, as retained expert for Dr. Dieffenbach, treated as party admissions?

Plaintiff submits that the correct law, as urged in Plaintiff's Reply Memorandum, is that:

> Once an expert has been deposed, the limitation on the discovery of consulting experts has little or no application, and the expert is recognized as presenting part of the common body of discoverable and generally admissible information and testimony available to all parties.  See House v. Combined Ins. Co. Of Am., 168 F.R.D. at 245

White v. Vanderbilt Univerrsity, 21 S.W. 3d 215 (Tenn. App. 1999)

There, as here, the defendant in a medical malpractice case designated an expert but later withdrew the designation. Plaintiff sought to use the designated testimony. The trial court refused to permit this but the appellate court reversed, citing House v. Combined Ins. Co. Of Am., 168 F.R.D. at 245.

Magistrate-Judge Kobayashi discusses House, supra, and states that "Two district courts in the Ninth Circuit have considered House and found it to be distinguishable." However, those distinctions should not apply to preclude admission of Dr. Parsa's opinions here.

Plaintiff acknowledges that some courts have been concerned about the potential prejudicial effect of permitting a defense expert's opinion to come into evidence as part of the plaintiff's case, but curative instructions by the court can go a long way to eliminating this problem.

In Miller v. Marymount Medical Center, 125 S.W.3d 274 (Ky. App. 2001), the court adopted the balancing test of House, not only admitting the deposition testimony of the opposing party's expert, but permitting the expert to be identified as having been retained and compensated by that party:

> In the final analysis, "[a] trial is essentially a search for the truth," Cogdell v. Brown, 220 N.J.Super. 330, 531 A.2d 1379, 1381 (Law Div.1987), and the rules of evidence "shall be construed to ... the end that the truth may be ascertained and proceedings justly determined."

> Thus, we conclude that evidence tending to prove the objectivity of an expert witness is not inadmissible per se either because of its prejudicial effect or because it tends to bolster the witness's credibility. "Particularly in medical malpractice cases, the credibility of experts is a paramount issue. Whether an expert is a 'hired gun' or one whose opinions have greater foundations of objectivity is an issue to be litigated by counsel and considered by the jury." Cogdell, supra, at 1382.

Miller, supra, at p.283-284.

>    By declaring that an expert witness will be produced at trial and providing the expert's identity and opinion to another party, as required by court rules, the original proponent has waived his claim that the information is privileged. Fitzgerald v. Stanley Roberts, Inc., 186 N.J. 286, 301, 895 A.2d 405, 413 (2006). Thus, we hold that access to the testifying witness is allowed and the adversary may produce a willing expert at trial. Id. Fitzgerald involved an employment discrimination dispute wherein plaintiff originally retained a psychiatrist, Dr. Nadel, who had been scheduled to testify at trial on her behalf. Id. at 296. Dr. Nadel modified his initial diagnosis after reviewing information provided during discovery. Id. At trial, although plaintiff did not call Dr. Nadel to testify, defendant sought to call Dr. Nadel. Based on prior case law, the trial court did not allow Dr. Nadel to testify and a verdict was returned in favor of plaintiff. Id. at 296-297. Defendant appealed. On appeal, the New Jersey appellate court reversed the trial court's decision and held that Dr. Nadel, plaintiff's expert, should have been allowed to testify on defendant's behalf because he was identified as a testifying witness and provided his expert opinion to defendant. Fitzgerald, supra, 186 N.J. 286 at 301.

    The New Jersey court's opinion in Fitzgerald is in alignment with a majority of courts that have faced this issue. The rules designed to protect

9

consulting experts do not prevent a party from calling an adversary's expert when that expert has been designated a "testifying expert," even without a showing of exigent circumstances.

> Our conclusion aligns with that reached by the majority of courts that have faced the issue before us. All have determined that discovery rules designed to protect consulting experts do not prevent a party from calling an adversary's expert when that expert has been designated a "testifying expert," even without a showing of exigent circumstances. See, e.g., Peterson v. Willie, 81 F.3d 1033, 1037-38 (11th Cir.1996) (defendant permitted to call plaintiff's testifying medical expert); Agron v. Trs. of Columbia Univ., 176 F.R.D. 445, 449 (S.D.N.Y.1997) (defendant permitted to call plaintiff's testifying psychiatric expert); House v. Combined Ins. Co. of Am., 168 F.R.D. 236, 246-47 (D.Iowa 1996) (plaintiff permitted to use defendant's testifying psychiatrist); Crowe v. Nivison, 145 F.R.D. 657, 657-58 (D.Md.1993) (plaintiff permitted to call defendant's testifying orthopedist); Loiseau v. Bd. of Tax Review, 46 Conn.App. 338, 699 A.2d 265, 268 (1997) (plaintiff permitted to call defendant's testifying appraisal expert); Broward County v. Cento, 611 So.2d 1339, 1339-40 (Fla.Dist.Ct.App.1993) (plaintiff permitted to call defendant's testifying medical expert).

Fitzgerald at 302.

IV. Conclusion

Plaintiff's counsel submits that Magistrate-Judge Kobayashi's decision was an abuse of discretion and that Dr. Parsa's opinions should be ruled admissible in Plaintiff's case.

DATED: Honolulu, Hawaii, October 27, 2006.

    /s/ JOHN S. EDMUNDS
JOHN S. EDMUNDS
JOY S. OMONAKA

Attorneys for Plaintiff