CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY      1211-0
CHRISTIAN K. ADAMS      8192-0
1000 Bishop Street, Suite 1200
Honolulu, Hawaii 96813-4212
Telephone: (808) 521-9200
Facsimile: (808) 521-9210
e-mail: jportnoy@cades.com
e-mail: cadams@cades.com

Attorneys for Defendant
Kevin W. Dieffenbach, M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| DAWN COOPER, | CIVIL NO. 03-00595 SPK LEK |
|---|---|
| Plaintiff, | **DEFENDANT KEVIN W. DIEFFENBACH, M.D.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S NOTICE OF APPEAL OF THE ORDER DENYING PLAINTIFF'S MOTION RE USE OF DEFENSE EXPERT'S TESTIMONY ON INFORMED CONSENT; CERTIFICATE OF SERVICE** |
| v. | |
| KEVIN W. DIEFFENBACH, M.D. and DOES 1-10, | |
| Defendants. | |
| | Trial Date: None |

**DEFENDANT KEVIN W. DIEFFENBACH, M.D.'S MEMORANDUM
IN OPPOSITION TO PLAINTIFF'S NOTICE OF APPEAL
OF THE ORDER DENYING PLAINTIFF'S MOTION RE USE
OF DEFENSE EXPERT'S TESTIMONY ON INFORMED CONSENT**

ImanageDB:677623.1

Defendant Kevin W. Dieffenbach, M.D. ("Dr. Dieffenbach") hereby submits his memorandum in opposition to Plaintiff's Notice of Appeal of the Order Denying Plaintiff's Motion re Use of Defense Expert's Testimony on Informed Consent filed October 27, 2006.

## I.    INTRODUCTION

At the outset, it must be noted that Plaintiff's counsel goes to great lengths to cloud the true issue in this case and play to the Court's sympathies by recounting entirely irrelevant facts regarding the severity of Plaintiff's injuries. Plaintiff's Counsel even goes so far as to submit prejudicial photographs that have no bearing whatsoever on the issue at hand. In doing so, Plaintiff's counsel continues to ignore the clear legal precedent and relevant facts that led the Magistrate Judge to correctly rule that Plaintiff may not use Dr. Parsa's testimony regarding informed consent.

Not only is the material irrelevant and improper, but it is explicitly prohibited from consideration and review by the District Court in reaching its determination in this matter. Pursuant to 28 U.S.C.S. § 636(b)(1)(A), this Court is disallowed from considering any further evidence that was not before Magistrate Kobayashi in conducting its review of her order. See United States v. Bennett, 2006 U.S. Dist. LEXIS 70089 (D. Haw. 2006) (citing Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992)).

ImanageDB:677623.1

## II. FACTUAL BACKGROUND

On October 18, 2005, Plaintiff Dawn Cooper ("Plaintiff") filed her First Amended Complaint alleging: 1) breach of the applicable standard of care, and 2) lack of informed consent. On December 15, 2004, Plaintiff submitted her Rule 26(a)(2) Disclosures identifying Roger L. Greenberg, M.D. ("Dr. Greenberg") as her expert witness and also provided Dr. Greenberg's report to opposing counsel. Dr. Greenberg, based on his report, was apparently retained to opine regarding standard of care issues only and to substantiate Plaintiff's claim regarding Dr. Dieffenbach's alleged breach of that standard of care.

On April 14, 2005, Dr. Dieffenbach identified F. Don Parsa, M.D. ("Dr. Parsa") as his rebuttal expert witness and provided Dr. Parsa's report to opposing counsel. On May 6, 2005, Dr. Parsa was extensively deposed by Plaintiff's counsel.

On July 26, 2005, subsequent to Dr. Parsa's deposition, Plaintiff unilaterally withdrew Dr. Greenberg as her expert witness and confirmed that Dr. Greenberg would not be called to testify on any issue in her case. Due to Plaintiff's lack of an expert witness, and for that reason alone, Dr. Parsa's testimony was not necessary to Dr. Deiffenbach's defense and, therefore, Dr. Parsa was withdrawn as a testifying expert witness.

A full year later, on July 12, 2006, Plaintiff filed her Motion re Use of

Defense Expert's Testimony on Informed Consent, which following extensive briefing and oral argument, was denied by Magistrate Kobayashi on October 10, 2006. Additionally, at the hearing before Magistrate Kobayashi, Plaintiff orally moved to re-open the deposition of Dr. Dieffenbach, which Magistrate Kobayashi also denied in her October 10, 2006 Order.

Judge Kobayashi specifically found that: 1) Plaintiff misstated Carr v. Strode, 79 Hawai`i 475 (1995) as standing for the proposition that the requisite foundation for materiality of the risk may be established by "the defendant's expert testimony" (i.e. Dr. Parsa) when in reality Carr simply states that a "defendant-physician's testimony may satisfy this burden" (i.e. Dr. Dieffenbach); 2) Plaintiff has not demonstrated the requisite exceptional circumstances necessary to warrant calling Dr. Parsa; 3) Plaintiff's contention that Dr. Parsa was withdrawn by Defendant to prevent him from testifying favorably to Plaintiff was not credible as it was clear to the court that Plaintiff's own actions in withdrawing her only identified testifying expert prompted the withdrawal of Dr. Parsa; and 4) further deposition of Defendant would be duplicative and, therefore, is not permissible.

## III. STANDARD OF REVIEW

Pursuant to U.S. Dist. Ct., D. Haw., R. 74.1, the district court may only set aside a magistrate judge's order of non-dispositive matters on appeal if it finds the order to be clearly erroneous or contrary to law. 28 U.S.C.S. §

636(b)(1)(A), Fed. R. Civ. P. 72(a). Thus, the District Judge must affirm the Magistrate Judge unless the District Judge is left with the definite and firm conviction that a mistake has been committed. Whirlpool Corp. v. CIT Group/Business Credit, Inc., 258 F. Supp. 2d 1140 (D. Haw. 2003). The reviewing court may not substitute its judgment for that of the deciding court, as it may under a de novo standard. Id.

Moreover, pursuant to 28 U.S.C.S. § 636(b)(1)(A), the District Court may not receive or review any further evidence that was not before the Magistrate Judge when conducting its clearly erroneous review of the Magistrate Judge's findings. See United States v. Bennett, 2006 U.S. Dist. LEXIS 70089 (D. Haw. 2006) (citing Haines v. Liggett Group Inc., 975 F.2d 81, 91 (3d Cir. 1992)).

## IV.   ARGUMENT

Plaintiff's only remaining claim against Dr. Dieffenbach in this case is for alleged lack of informed consent.[1] However, Plaintiff has confirmed that she does not intend to call any medical expert in this case to testify on her behalf. Without any supporting expert medical testimony to substantiate her claims Plaintiff requested that this Court allow her to use the testimony of Dr. Parsa to prove the materiality element of her informed consent claim.

Plaintiff is not permitted to use the testimony of Dr. Parsa. Dr. Parsa

---

[1] Plaintiff has conceded the abandonment of her claim for breach of standard of care.

is no longer needed for Dr. Dieffenbach's defense and therefore Dr. Parsa has been permissibly transformed into a non-testifying expert within the meaning of Rule 26(b)(4)(B).

    A.    **Expert Testimony is Required to Establish the "Materiality" Element For Plaintiff's Breach of Informed Consent Claim**

It has been conceded by all parties that expert testimony is required to prove the materiality component of informed consent under Hawai`i law. See Carr v. Strode, 79 Hawai`i 475 (1995). Magistrate Kobayashi correctly noted that Plaintiff misstated Carr and found that Plaintiff could not find support for her position in Carr or any other Hawai`i case. See October 10, 2006 Order at 9. Accordingly, as the Magistrate Judge correctly noted, the only way Plaintiff may attempt to establish breach of informed consent in this case is through cross-examination of Dr. Dieffenbach himself.

Carr does indeed require expert testimony to establish the "materiality" element of Plaintiff's informed consent claim, but does not support the use of Dr. Parsa to do so. Notably, although this was Plaintiff's core argument before Magistrate Kobayashi, Plaintiff has effectively withdrawn this argument in its appeal and its memorandum is entirely devoid of any reference to Carr.

    B.    **Plaintiff Has Not Demonstrated the Requisite "Exceptional Circumstances" Necessary to Call Dr. Parsa**

        1.    Federal Rule of Civil Procedure 26(b)

Rule 26 (b)(4)(B) provides:

6

ImanageDB:677623.1

> A party may, through interrogatories or by deposition, discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, ***only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the same subject by other means.***

Fed. R. Civ. P. 26(b)(4) (emphasis added).

Magistrate Kobayashi specifically found that Defendant's decision not to call Dr. Parsa at trial was permissible and effectively transformed Dr. Parsa into a non-testifying expert within the meaning of Rule 26(b)(4)(B). See October 10, 2006 Order at 14. Rule 26(b)(4)(B) "is designed to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation." Wolt v. Sherwood, 828 F. Supp. 1562, 1568 (D. Utah 1992). Therefore, "under Rule 26(b)(4)(B), a party 'carries a heavy burden in demonstrating the existence of exceptional circumstances.'" FMC Corp. v. Vendo Co., 196 F. Supp. 2d 1023, 1046 (E.D. Cal. 2002) (citing Spearman Indus. v. St. Paul Fire & Marine Ins. Co., 128 F. Supp. 2d 1148, 1151 (N.D. Ill. 2001)); see also Lehan v. Ambassador Programs, Inc., 190 F.R.D. 670 (E.D. Wash. 2000) (also adopting the "exceptional circumstances" standard in this context).[2]

---

[2] As noted by Magistrate Kobayashi in her October 10, 2006 Order, Plaintiff's reliance on House v. Combined Ins. Co. of Am., 178 F.R.D. 236 (N.D. Iowa 1996) and its progeny to support her use of Dr. Parsa is misplaced and, therefore, inapplicable. See October 10, 2006 Order at 13 ("the court distinguished House,

ImanageDB:677623.1

To substantiate exceptional circumstances, one must demonstrate: "1) the object or condition at issue is destroyed or has deteriorated after the non-testifying expert observes it but before the moving party's expert has an opportunity to observe it; or 2) there are no other available experts in the same field or subject area." FMC Corp., 196 F. Supp. 2d at 1152.

Magistrate Kobayashi correctly found that Plaintiff is unable to demonstrate either of these factors. See October 10, 2006 Order at 15. More specifically, Magistrate Kobayashi found that: 1) "there is nothing indicating that Plaintiff's post-surgery condition deteriorated or that information about her condition when she underwent surgery has been destroyed after Dr. Parsa reviewed them," and 2) "[t]here is also no indication that Dr. Parsa is the only available expert in the field … [as] the fact that Plaintiff is unable to find another surgeon who shares Dr. Parsa's view about the instant case *does not* mean that he is the only available expert in the field." Id. (emphasis added). In short, Plaintiff's lack of ability to find an expert to support her position does *not* equate to destroyed information or a lack of experts in the field.

Indeed, Plaintiff cannot satisfy either of these factors, nor has she

---

noting that the experts in FMC 'have not performed a personal medical examination pursuant to Rule 35, no scientific tests that are unavailable or unduplicatable'" and therefore the exceptional circumstances standard was the appropriate standard to apply). In this case, just as in FMC, Dr. Parsa is not a treating physician and has never examined Plaintiff nor has he produced any scientific tests regarding this matter or her condition.

8

even attempted to do so. Therefore, the Court correctly concluded that "Plaintiff has not established the exceptional circumstances necessary to warrant calling Dr. Parsa in spite of Defendant's decision to designate him as a consulting expert." Id. Accordingly, Magistrate Kobayashi's ruling should be affirmed.

### C. Plaintiff's Rendition of the Facts Defies Logic and Includes Numerous Misrepresentations

As noted by Magistrate Kobayashi in her October 10, 2006 Order, the current situation, and Plaintiff's lack of an expert to support her case, is the result of one thing and one thing only: Plaintiff's own misguided strategy in withdrawing her only expert. See October 10, 2006 Order at 13. Magistrate Kobayashi made clear that:

> in the Court's view, the present situation is the result of Plaintiff's own actions. Plaintiff chose to designate only one testifying expert and she was apparently dissatisfied with his opinions. She then chose to withdraw him. It was Plaintiff's decisions which prompted Defendant to withdraw Dr. Parsa as a testifying witness. *The timing of Dr. Parsa's withdrawal bears this out.* Defendant did not withdraw Dr. Parsa following his deposition, when he allegedly gave testimony favorable to Plaintiff. Defendant only withdrew Dr. Parsa, who was a rebuttal expert, after Plaintiff withdrew her expert.

Id.

When viewing the chronology of events, it is quite clear that Dr. Parsa's withdrawal was a result of Plaintiff's abandonment of her own expert witness and the lack of necessity to have Dr. Parsa as a rebuttal witness due to the withdrawal. Contrary to Plaintiff's bald assertions, this is not the case of some

9

large conspiratorial cover up to "conceal the truth" of what Dr. Parsa could testify to. Dr. Parsa's testimony is simply not necessary as he was a rebuttal witness and now has nothing to rebut. It is inconceivable that Dr. Parsa should be forced to testify, therefore, prejudicing Defendant due to Plaintiff's strategic mistake.

Furthermore, Defendant has allowed Plaintiff ample additional time to find an expert following this predicament. Defendant did not move to immediately dismiss the case based on a Plaintiff's lack of expert support, but to the contrary, allowed Plaintiff additional time to remedy the defect in her case. However, as indicated in Plaintiff's Statement in Support of Notice of Appeal, "despite Plaintiff's counsel's efforts, he has been unable to locate another expert" to support his theory of the case. Id. at 6.

Defendant waited an entire year to file her motion underlying this dispute. Moreover, Defendant has given Plaintiff an additional four months from the hearing on this matter to find an expert. There are literally thousands of expert plastic surgeons from which Plaintiff may choose. It is abundantly clear that Plaintiff has been given more than sufficient time to prepare her case and apparently has not been able to find the requisite expert testimony to support her position.

Magistrate Judge Kobayashi spent a great deal of time reviewing these issues and produced an extensive and well reasoned opinion, which may not be

ImanageDB:677623.1

altered absent a demonstration that it is clearly erroneous or a specific finding that it is contrary to governing law.  As set forth in this memorandum in opposition and in Magistrate Judge Kobayashi's carefully crafted Order, this is simply not the case in this situation.  Therefore, Defendant respectfully requests that Magistrate Judge Kobayashi's October 10, 2006 Order be affirmed.

## V.     **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that Magistrate Kobayashi's October 10, 2006 Order be affirmed in its entirety.  Plaintiff has failed to demonstrate that Magistrate Kobayashi's Order is clearly erroneous or contrary to law as required by Local Rule 74.1, F.R.C.P. 26(b)(4)(B), and the supporting case law cited herein.

11

DATED: Honolulu, Hawaii, November 9, 2006.

    CADES SCHUTTE
    A Limited Liability Law Partnership

    _____
    JEFFREY S. PORTNOY
    CHRISTIAN K. ADAMS
    Attorneys for Defendant
    Kevin W. Dieffenbach, M.D.

ImanageDB:677623.1