IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAWN COOPER, ) | CIVIL NO. 03-00595 SPK/LEK |
| ) | |
| Plaintiff, ) | MEMORANDUM IN SUPPORT OF <u>EX</u> |
| ) | <u>PARTE</u> APPLICATION FOR LEAVE TO |
| vs. ) | FILE A REPLY MEMORANDUM |
| ) | |
| KEVIN W. DIEFFENBACH, M.D. and ) | |
| DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM IN SUPPORT OF <u>EX PARTE</u> APPLICATION
FOR LEAVE TO FILE A REPLY MEMORANDUM

I.  <u>This Appeal Presents A Matter of First Impression in the Ninth Circuit</u>

The present appeal presents an issue which has not been ruled on by the Ninth Circuit. As Magistrate-Judge Kobayashi's order states:

> ... The instant Motion addresses the related issue of whether a party may call an opposing party's previously designated testifying witness once the opposing party has withdrawn the designation. <u>The Ninth Circuit has not addressed this issue</u>....[1]

Order Denying Plaintiff's Motion Re Use of Defense Expert's Testimony on Informed Consent (hereinafter "Order"), p. 10 (emphasis added).

Plaintiff's counsel agrees, and has found no reported Ninth Circuit opinion dealing with this issue. Counsel also believes the two district court cases relied on by

---

[1] Plaintiff's counsel believes this characterization of the issue is incomplete, since it omits the fact that the "previously designated testifying witness" had here been presented for deposition by the attorney designating him and was then thoroughly deposed by opposing counsel <u>before</u> the attorney designating him decided to "withdraw" that designation.

the Magistrate-Judge (at pp. 12-14 of her Order) are distinguishable and wishes the opportunity to respond to Defense counsel's discussion of those cases.

Defense counsel argues that "Magistrate Kobayashi specifically found that <u>Defendant's decision not to call Dr. Parsa at trial was permissible and effectively transformed Dr. Parsa into a non-testifying expert within the meaning of Rule 26(b)(4)(B)</u>. See October 10, 2006 Order at 14." (Defendant Kevin W. Dieffenbach, M.D.'s Memorandum In Opposition to Plaintiff's Notice of Appeal of the Order Denying Plaintiff's Motion Re Use of Defense Expert's Testimony on Informed Consent (hereinafter "DM") at p. 7 (emphasis added)). Magistrate-Judge Kobayashi stated the matter more definitively:

> Defendant's decision not to call Dr. Parsa at trial was permissible <u>and it transformed Dr. Parsa into a non-testifying expert within the meaning of Rule 26 (b)(4)(B)</u>.

Order, p. 14, first full paragraph.

Plaintiff's counsel urges strongly that such a "transformation" cannot occur where the expert so designated has been deposed by opposing counsel on the merits of his opinion. Because the Magistrate-Judge and all counsel recognize this question is as yet undecided by the Ninth Circuit, Plaintiff's counsel requests the opportunity to further brief the issue and address the arguments and authorities cited by Defense counsel.

II.   <u>Plaintiff's Alleged Mis-Citation of Carr v. Strode, 79 Haw. 475 (1995)</u>

Magistrate-Judge Kobayashi's Order states:

Plaintiff cites <u>Carr</u>, 79 Haw. at 487, 904 P. 2d at 501 for the proposition that a plaintiff "need not necessarily provide such expert testimony; <u>the requisite foundation can be</u>

2

> established by the defendant's expert testimony." [Mem. In Supp. of Motion at 4 (emphasis in original).] What the Hawai'i Supreme Court actually said was: "It is clear that a defendant-physician's testimony may satisfy this burden." Carr, 79 Haw. at 487, 904 P. 2d at 501 [citation omitted, emphasis added]. Thus, Carr does not support Plaintiff's position that she may use Defendant's expert witness to establish materiality of the risks.

Order at pp. 8-9.

In fact, the foregoing quotation by Plaintiff's counsel was correct as to content; however, the wrong Hawai'i Supreme Court case was erroneously cited as so holding. The precise quote criticized by Magistrate-Judge Kobayashi is found in the later case of Barcai v. Betwee, 98 Haw. 470, 484, 50 P. 3d 946 (2002). There, the Hawai'i Supreme Court, citing Carr, supra, used precisely the language quoted by Plaintiff's counsel, holding: "The plaintiff, however, need not necessarily provide such expert testimony; the requisite foundation can be established by the defendant's expert testimony. See id. at 487, 904, P. 2d at 501."[2]

Thus, Plaintiff's Motion Re Use of Defense Expert's Testimony on Informed Consent (hereinafter "Plaintiff's Motion"), Plaintiff's counsel inadvertently mis-cited Carr but should have cited Barcai v. Betwee citing Carr. That is the fault of undersigned counsel, no one else, and for that, counsel sincerely apologizes. However, defense counsel attacked Plaintiff's counsel over this issue, claiming Magistrate-Judge Kobayashi "...correctly noted that Plaintiff misstated Carr and found that Plaintiff could not find support for her position in Carr or any other Hawai'i case. See October 10, 2006 Order at 9." DM at p.6 (emphasis added).

---

[2] This citation is to the Carr decision.

3

But as to the emphasized portion of the foregoing quote, Magistrate-Judge Kobayashi said no such thing. Obviously, Barcai v. Betwee, supra, is support for Plaintiff's position, as is Carr. Plaintiff's counsel's mis-citation to Carr may have mis-directed Magistrate-Judge Kobayashi but defense counsel is charged with knowing better, since in an exchange of correspondence between Mr. Edmunds and Mr. Portnoy, which is Exhibit A to Plaintiff's Reply Memorandum filed on August 17, 2006 (and which is Exhibit A hereto), Mr. Edmunds correctly quoted Barcai v. Betwee, supra, quoting Carr. Plaintiff's counsel should be permitted to deal with the improper attack launched by Defense counsel in a Reply Memorandum.

II.     Plaintiff's Counsel Should Be Given An Opportunity to Respond to Defense Counsel's Other Accusations of Impropriety

   A.     The Photographs of Ms. Cooper's Condition

   Plaintiff's counsel was, frankly, surprised that Defense counsel attacked him for allegedly going outside the record and presenting "prejudicial photographs" and claiming that Plaintiff's counsel somehow submitted evidence on this appeal which "...was not before Magistrate Kobayashi...." Defense counsel argued that those photographs were not only "irrelevant and improper, but that this Court was "explicitly prohibited" from considering and reviewing those photos. (DM at p. 2). Plaintiff's Reply Memorandum will show that those photographs were in fact part of the record in this case which the Magistrate-Judge had seen, that those same photos had been furnished to opposing counsel long ago in discovery and discussed at a conference held by Magistrate-Judge Kobayashi and attended by defense counsel. Those photos were

4

also reviewed by Defendant's expert, Dr. Parsa, prior to his deposition, as he acknowledged in his deposition.

B.  Alleged "Misrepresentations" by Plaintiffs' Counsel

Defense counsel has also accused Plaintiff's counsel of "Numerous Misrepresentations" (DM, p. 9, heading "C"). Plaintiff's counsel respectfully requests the opportunity to respond to this unfounded accusation.

III.  Position of Opposing Counsel

Before filing this Motion, Plaintiff's counsel contacted opposing, Jeffrey R. Portnoy, to ask whether he had any objection to leave being granted by this Court and was informed that opposing counsel did object to this Motion being granted. (See Declaration of John S. Edmunds attached hereto, p.3, paragraph 10).

IV.  Conclusion

For the foregoing reasons, counsel respectfully requests that he be granted the right to file a Reply Memorandum not to exceed ten (10) pages in length, within such time as the Court sets. Counsel also respectfully requests this Court consider hearing oral argument in this matter.

DATED: Honolulu, Hawaii, November 15, 2006.

_____
JOHN S. EDMUNDS
RONALD J. VERGA
JOY S. OMONAKA

Attorneys for Plaintiff