IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAWN COOPER, | CIVIL NO. 03-00595 SPK/LEK |
| Plaintiff, | DECLARATION OF JOHN S. EDMUNDS |
| vs. | |
| KEVIN W. DIEFFENBACH, M.D. and DOES 1-10, | |
| Defendants. | |

## DECLARATION OF JOHN S. EDMUNDS

1. I am an attorney duly licensed to practice law in the State of Hawai'i and admitted to practice before this Court.

2. I am counsel for Plaintiff Dawn Cooper in the above-captioned case.

3. Defense counsel has objected to the four photographs which I filed under seal with this Court on October 27, 2006 as allegedly not being part of the record in this case.

4. If permitted to file a Reply Memorandum in this appeal, I would demonstrate that:

    a. The photographs in question were the subject of a discussion between myself, defense counsel Jeffrey R. Portnoy and Magistrate-Judge Leslie Kobayashi at a settlement conference held on or about June 8, 2005.

      b.     Said photographs are part of the records and files in this case, and are Exhibit A to Plaintiff's Confidential Settlement Conference Statement submitted on or about June 6, 2005 to Magistrate-Judge Kobayashi.

      c.     Said photographs were produced for inspection and copying in response to Defendant Dr. Dieffenbach's First Request for Production of Documents #8 on or about June 14, 2004.

      d.     Defendant's expert, Dr. Parsa, testified in his deposition, at p. 144, lines 10-13, that he had been given copies of said photographs.

      e.     At a settlement conference held in this case by Magistrate-Judge Kobayashi on or about June 8, 2005, which Mr. Portnoy and I and my associate, Joy S. Omonaka, attended, the matter of those photographs was specifically discussed.

      5.     Because said photographs were part of the record of this case and, as such, were obviously available to the trial court, I did not believe there was any prohibition in attaching them as exhibits to this appeal.

      6.     Long prior to the time I filed Plaintiffs's Motion Re Use of Defense Expert's Testimony on Informed Consent on July 12, 2006, during at least two status conferences held by Magistrate-Judge Kobayashi, she, Mr. Portnoy and I discussed the issue of whether Plaintiff could call Dr. Parsa or introduce his deposition into evidence as part of Plaintiff's case. (Attached as Exhibit A and B to Plaintiff's Reply Memorandum in Support of Motion Re: Use of Defense Expert's Testimony on Informed Consent are copies of correspondence which Mr. Portnoy and I exchanged on the legal issue involved.) Mr. Portnoy and I obviously disagreed over the legal issues involved and Magistrate-Judge Kobayashi suggested, and Mr. Portnoy and I agreed, that

2

perhaps the best way to resolve our difference over this issue was for me to bring a pre-trial motion and I did so.

7. Mr. Portnoy made clear his position that he believed Plaintiff could not do so; I obviously took the contrary position. Indeed, Mr. Portnoy and I exchanged correspondence on this issue, reciting our respective positions.

8. I corresponded with opposing counsel Mr. Portnoy concerning my position on the matter; a true and correct copy of my June 17, 2005 letter to him is Exhibit A hereto, which is a true and correct copy of what was attached as Exhibit A to Plaintiff's Reply Memorandum In Support of Motion Re Use of Defense Expert's Testimony on Informed Consent filed August 17, 2006.  That letter correctly describes the holdings of the Hawai'i Supreme Court in Carr v. Strode, 79 Haw. 475, 904 P.2d 489 (1995) and Barkai v. Betwee, 98 Haw. 470, 50 P.3d 946 (2002).

9. I was cognizant, under Local Rule 74.1, that this Court could, sua sponte, reconsider any decision by the Magistrate-Judge concerning any non-dispositive order, and I therefore assumed that this Court could properly have before it the entire record in this case, including the photographs already on file as Exhibit A to Plaintiff's Confidential Settlement Conference Statement. I therefore saw no impropriety in again submitting those photos as part of this appeal.

10. Before filing the present ex parte application, I contacted Mr. Portnoy by email to advise him I intended to file said motion and asked if he would agree or wanted to object. He advised me on Monday, November 13th, 2006, that he objected to any grant of an order permitting me to file a Reply Memorandum.

3

11. I declare under penalty of law that the foregoing is true and correct.

Executed on November 15, 2006.

_____
JOHN S. EDMUNDS