IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAWN COOPER,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN W. DIEFFENBACH, M.D. and DOES 1-10,<br><br>    Defendants. | CIVIL NO. 03-00595 SPK LEK<br><br>MEMORANDUM IN SUPPORT OF MOTION |

## MEMORANDUM IN SUPPORT OF MOTION

### I.   BACKGROUND

On October 18, 2005, Plaintiff Dawn Cooper ("Plaintiff") filed her First Amended Complaint alleging: 1) breach of the applicable standard of care in the form of negligence and gross negligence, and 2) lack of informed consent. See First Amended Complaint at pp. 4-9. Plaintiff is required to present expert testimony to substantiate such claims and has failed to present any such evidence.

On December 15, 2004, Plaintiff submitted her Rule 26(a)(2) Disclosures identifying Roger L. Greenberg, M.D. ("Dr. Greenberg") as her expert witness. See Plaintiff's Rule 26(a)(2) Disclosure Statement. According to Plaintiff, Dr. Greenberg was initially retained to provide Plaintiff with his expert opinion needed to substantiate both her claim for breach of the applicable standard of care as well as her lack of informed consent claim. See Plaintiff's Statement in Support of

ImanageDB:696161.1

Notice of Appeal, filed October 27, 2006, at 2. Dr. Greenberg's expert opinion, however, did not ultimately support such claims. See id. at 7; see also Magistrate Judge Kobayashi's Order Denying Plaintiff's Motion, dated October 10, 2006 ("Plaintiff chose to designate only one testifying expert and she was apparently dissatisfied with his opinions").

As a result, on July 26, 2005, Plaintiff withdrew Dr. Greenberg as her expert witness and confirmed that Dr. Greenberg would not be called to testify on any issue in her case. See Email from John Edmunds to Jeffrey Portnoy, dated July 26, 2005, attached hereto as Exhibit "A." Due to Plaintiff's sudden lack of an expert witness, Plaintiff requested the Court's permission to use Defendant's previously designated expert, Dr. Parsa, to satisfy her burden, but her request was denied by this Court. See Magistrate Judge Kobayashi's Order Denying Plaintiff's Motion, dated October 10, 2006 (subsequently affirmed by Judge King on January 3, 2007).

Furthermore, Defendant subsequently agreed to allow Plaintiff additional time to seek another expert opinion to support her claims, but Plaintiff was unable to find an expert. See Plaintiff's Status Report dated October 16, 2006. Simply put, "despite Plaintiff's Counsel's efforts, he has been unable to locate another expert who shares the opinions" necessary to support Plaintiff's claims. See Plaintiff's Statement in Support of Notice of Appeal, filed October 27, 2006, at 6; see also Plaintiff's Status Report dated October 16, 2006.

Due to Plaintiff's inability to proffer the requisite testimony to support her claims despite ample opportunity to do so, Defendant is entitled to dismissal of Plaintiff's First Amended Complaint as a matter of law. Plaintiff has failed to present any expert testimony as required to substantiate either of Plaintiff's claims. As a result, summary judgment must be entered in favor of Defendant Dr. Dieffenbach and against Plaintiff.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56 provides that summary judgment shall be entered when:

> The pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating for the court that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970)). However, the moving party need not produce evidence negating the existence of an element for which the opposing party will bear the burden of proof at trial. Id. at 322.

Once the movant has met its burden, the opposing party has the affirmative burden of coming forward with specific facts evidencing a need for trial. Fed. R. Civ. P. 56(e). The opposing party cannot stand on its pleadings, nor simply assert

that it will be able to discredit the movant's evidence at trial. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987); Fed. R. Civ. P. 56(e). There is no genuine issue of fact "where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita Electric Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986) (citation omitted).

A material fact is one that may affect the decision, so that the finding of that fact is relevant and necessary to the proceedings. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). In ruling on a motion for summary judgment, the court must bear in mind the actual quantum and quality of proof necessary to support liability under the applicable law. Id. at 254. The court must assess the adequacy of the nonmovant's response and must determine whether the showing the nonmovant asserts it will make at trial would be sufficient to carry its burden of proof. See Celotex, 477 U.S. at 322.

## III.   ARGUMENT

Plaintiff's First Amended Complaint alleges claims for: 1) breach of the applicable standard of care in the form of negligence and gross negligence, and 2) lack of informed consent. It is undisputed that sufficient evidence, through expert testimony, is expressly required to support both claims. It is also undisputed that Plaintiff has failed to produce such testimony or any evidence thereof and,

therefore, is unable to substantiate her claims. As a result, summary judgment must be entered in favor of Defendant Dr. Dieffenbach and against Plaintiff on all claims contained in the First Amended Complaint.

### A. Expert Testimony is Required to Substantiate Plaintiff's Claim for Breach of the Applicable Standard of Care

Counts One and Two of Plaintiff's First Amended Complaint allege causes of action for Negligence and Gross Negligence. See Plaintiff's First Amended Complaint at 4-7. These counts are the basis for Plaintiff's breach of the standard of care claim.

"It is well settled that in medical malpractice actions, the question of negligence must be decided by reference to relevant medical standards of care for which the plaintiff carries the burden of proving through expert medical testimony." Craft v. Peebles, 78 Haw. 287, 298 (1995) (citing Nishi v. Hartwell, 52 Haw. 188, 195 (1970), for the long standing principle that plaintiffs have the burden of proving, by expert medical testimony, the applicable standard of care). The standard of care to which a doctor has allegedly failed to adhere to in a medical malpractice case must be established by expert testimony because "a jury generally lacks the 'requisite special knowledge, technical training, and background to be able to determine the applicable standard of care without the assistance of an expert.'" Craft, 78 Haw. at 298 (internal citations omitted); see also Carr v. Strode, 79 Haw. 475, 485 (1995).

According to Plaintiff, she initially retained Dr. Greenberg to provide his expert opinion regarding Plaintiff's breach of the standard of care claim, as well as her claim for lack of informed consent. See Plaintiff's Statement in Support of Notice of Appeal, filed October 27, 2006, at 2. Dr. Greenberg's expert opinion, however, did not ultimately support such a claim. See id. at 7; see also Magistrate Judge Kobayashi's Order Denying Plaintiff's Motion, dated October 10, 2006 at 13 ("In the Court's view, the present situation is the result of Plaintiff's own actions. Plaintiff chose to designate only one testifying expert and she was apparently dissatisfied with his opinions."). As a result, on July 26, 2005, Plaintiff withdrew Dr. Greenberg as her expert witness and confirmed that Dr. Greenberg would not be called to testify on any issue in her case. See Exhibit "A." Therefore, Plaintiff may no longer maintain any such claim against Dr. Dieffenbach, as she lacks the requisite expert medical testimony necessary to support such a claim. In withdrawing Dr. Greenberg as her expert witness, Plaintiff effectively abandoned her claim for breach of standard of care.

Furthermore, Plaintiff has tacitly conceded such abandonment of Counts One and Two while continuing to pursue Count Three of her First Amended Complaint, alleging a claim for breach of informed consent. See Plaintiff's Motion re: Use of Expert Testimony; see also Magistrate Judge Kobayashi's Order Denying Plaintiff's Motion, dated October 10, 2006. However, Plaintiff's breach

ImanageDB:696161.1

of informed consent claim fails for the very same reason: a lack of the requisite testimony, through an expert opinion, as required to support such a claim.

### B. Expert Testimony is Required to Establish the "Materiality" Element For Plaintiff's Breach of Informed Consent Claim

Hawaii has adopted the "patient-oriented" standard for determining the nature and scope of a physician's obligation to disclose information prior to treatment. Carr v. Strode, 79 Haw. 475, 485 (1995). Pursuant to this standard, a physician satisfies the obligation when he or she provides the information that "a reasonable person objectively needs to hear from his or her physician to allow the patient to make an informed and intelligent decision regarding proposed medical treatment," not when the physician tells a particular patient what the physician thinks the patient needs to hear to make the decision. Id. at 486.

Informed consent may occur when a patient elects to proceed with the treatment/surgery after the physician has provided the following information: 1) the condition being treated, 2) the nature and character of the proposed treatment or surgical procedure, 3) the anticipated results, 4) the recognized possible alternative forms of treatment, including non-treatment, and 5) the recognized, serious possible risks, complications, and anticipated benefits involved in the treatment or procedure and in the recognized possible alternative forms of treatment. Haw. Rev. Stat. § 671-3; Barcai v. Betwee, 98 Haw. 470, 483 (2002). The Hawaii Supreme Court, in Carr v. Strode, indicated that "recognized serious

ImanageDB:696161.1

possible risk" is synonymous with "material risk." Carr v. Strode, 79 Haw. at 481, 485, fn 6, 489 (citing Canterbury v. Spence, 464 F.2d 772 (D.C.Cir. 1972)).

Under the patient-oriented standard, "a patient is not required to produce any expert testimony regarding what other [reasonable] physicians would have disclosed under the same or similar circumstances." Barcai at 484 (quoting Carr v. Strode, 79 Haw. at 484 (internal emphasis and citation omitted)). Expert testimony is necessary, however, to establish the "materiality" of the risks, i.e. "the nature of risks inherent in a particular treatment, the probabilities of therapeutic success, the frequency of the occurrence of particular risks, and the nature of available alternative forms of treatment." See Barcai v. Betwee, 98 Haw. at 484; Carr v. Strode, 79 Haw. at 486. Quite simply, without any evidence to support such a claim and without the necessary expert testimony as required to substantiate the "materiality" component of Plaintiff's claim for breach of the applicable standard of care, the claim fails. Plaintiff has failed to produce any such requisite testimony to support a claim for breach of the applicable standard of care.

As previously established, it is undisputed that Plaintiff does not have any expert testimony to support her claims. See Magistrate Judge Kobayashi's Order Denying Plaintiff's Motion re: Use of Expert Testimony, dated October 10, 2006 (denying Plaintiff's request to use the testimony of Defendant's previously designated expert, Dr. Parsa, to support her claims). Furthermore, it is painfully

ImanageDB:696161.1

clear that Plaintiff has been unable to find any such testimony despite being given additional time to do so. See Plaintiff's Status Report dated October 16, 2006; See Plaintiff's Statement in Support of Notice of Appeal, filed October 27, 2006, at 2 (admitting that Plaintiff was "unable to locate another expert who shares the opinions" necessary to support her claims).

## IV. CONCLUSION

For the foregoing reasons, Defendant Kevin W. Dieffenbach respectfully requests that this Court grant Summary Judgment in favor of Defendant and against Plaintiff, thereby dismissing Plaintiff's claims for breach of the applicable standard of care and lack of informed consent due to Plaintiff's failure to present the requisite expert testimony necessary to support such claims. Accordingly, Defendant respectfully requests that this Court dismiss the First Amended Complaint in its entirety.

DATED: Honolulu, Hawaii, March 13, 2007.

CADES SCHUTTE
A Limited Liability Law Partnership

_____
JEFFREY S. PORTNOY
CHRISTIAN K. ADAMS
Attorneys for Defendant
Kevin W. Dieffenbach, M.D.

ImanageDB:696161.1