EDMUNDS & VERGA
Attorneys at Law, A Law Corporation

JOHN S. EDMUNDS    734-0
jedmunds@ev-law.com
RONALD J. VERGA    2638-0
rverga@ev-law.com
JOY S. OMONAKA    5709-0
jomonaka@ev-law.com
841 Bishop Street, Suite 2104
Honolulu, Hawai`I 96813
Telephone:  (808) 524-2000
Facsimile:  (808) 528-3585

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAWN COOPER, | CIVIL NO. 03-00595 SPK/LEK |
| Plaintiff, | PLAINTIFF DAWN COOPER'S SEPARATE CONCISE STATEMENT OF MATERIAL FACTS IN OPPOSITION TO DEFENDANT KEVIN W. DIEFFENBACH, M.D.'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AMENDED COMPLAINT FILED OCTOBER 18, 2005 FILED MARCH 13, 2007; EXHIBITS A - F; DECLARATION OF JOHN S. EDMUNDS; AND CERTIFICATE OF SERVICE |
| vs. | |
| KEVIN W. DIEFFENBACH, M.D. and DOES 1-10, | |
| Defendants. | |
| | HEARING: |
| | Date:   May 23, 2007 |
| | Time:         10:00 a.m. |
| | Judge:  Hon. Samuel P. King |
| | TRIAL DATE:  No Trial Date |

PLAINTIFF DAWN COOPER'S SEPARATE CONCISE STATEMENT
OF MATERIAL FACTS IN OPPOSITION TO DEFENDANT
KEVIN W. DIEFFENBACH, M.D.'S MOTION FOR SUMMARY
JUDGMENT ON PLAINTIFF'S FIRST AMENDED COMPLAINT
FILED OCTOBER 18, 2005 FILED MARCH 13, 2007

Plaintiff hereby submits her Separate and Concise Statement of Material Facts in Opposition to Defendant Kevin W. Dieffenbach, M.D.'s Motion for Summary Judgment on Plaintiff's First Amended Complaint Filed October 18, 2005 filed herein on March 13, 2007 pursuant to L.R. 56.1 of the Rules of the United States District Court for the District of Hawaii

| FACTS | CITATIONS |
|---|---|
| Obesity is a risk factor for any surgical procedure. | Deposition transcript of Kevin W. Dieffenbach, M.D. taken on October 12, 2004 at 19, Exhibit A hereto. |
| Because Plaintiff had a history of obesity and weight fluctuation, she was at greater risk for post-surgical complications. | Deposition transcript of Kevin W. Dieffenbach, M.D. taken on October 28, 2004 at 108, Exhibit B hereto. |
| Plaintiff's history of being a smoker was relevant for the surgery she underwent. | Exhibit A, Defendant's 10/12/04 Deposition at 20. |
| Smoking increases the risk of virtually any surgery | Exhibit A, Defendant's 10/12/04 Deposition at 20. |
| One factor of general nature fo the increased risk for the type of surgery Plaintiff underwent is that smoking causes constriction of blood vessels. | Exhibit A, Defendant's 10/12/04 Deposition at 20. |
| The constriction of blood vessels can inhibit the blood flow and the healing process. | Exhibit A, Defendant's 10/12/04 Deposition at 20. |

| | |
|---|---|
| Vessel constriction and wound healing results from smoking or a history of smoking. | Exhibit A, Defendant's 10/12/04 Deposition at 21. |
| Defendant does not specifically recall whether he informed Plaintiff that because of her history of obesity and weight fluctuation, that she was at greater risk for post-surgical complications. | Exhibit B, Defendant's 10/28/04 Deposition at 109. |
| Defendant informed Plaintiff that smoking is an important aspect of surgical treatment and that it's very important that she refrain from smoking. | Exhibit A, Defendant's 10/12/04 Deposition at 23-24. |
| Defendant cannot recall specifically if he provided Plaintiff with the reasons for refraining from smoking. | Exhibit A, Defendant's 10/12/04 Deposition at 24 |
| Plaintiff suffered from fat necrosis resulting in the surgical removal of substantial amounts of breast tissue. | Operative Report dated August 30, 2001, Exhibit A to the Deposition transcript of Thomas G. Crabtree, M.D. taken on April 14, 2005, Exhibit D hereto. |
| Defendant did not discuss the possibility of Plaintiff suffering from dead tissue. | Deposition of Dawn Cooper taken on December 15, 2004 at p. 72, Exhibit C hereto. |
| Defendant did not discuss necrosis with Plaintiff. | Exhibit C, Plaintiff's Deposition at 72. |
| Plaintiff did not know what necrosis was, nor did she hear the word necrosis, prior to the surgery. | Exhibit C, Plaintiff's Deposition at 72. |
| Plaintiff was not informed that she was at risk for a complete loss of breast tissue. | Exhibit C, Plaintiff's Deposition at 89. |

2

| | |
|---|---|
| Defendant did not disclose the fact that if there was any kind of disruption to the blood supply that her breast could die from the inside out. | Exhibit C, Plaintiff's Deposition at 90. |
| Plaintiff's understanding of what caused the loss of breast tissue was the lack of adequate blood supply to the tissue. | Exhibit C, Plaintiff's Deposition at 90. |
| Plaintiff understood that delayed healing had to do with scarring. | Exhibit C, Plaintiff's Deposition at 81. |
| Plaintiff understood that wound disruption or delayed wound healing referred to her superficial skin, the incision wounds, and that if healing were delayed, further scar revision surgeries may required. | Exhibit C, Plaintiff's Deposition at 82. |
| Plaintiff believed the delayed wound healing provision on the informed consent form referred to scarring of the breast skin and not breast tissue. | Exhibit C, Plaintiff's Deposition at 82-83. |
| Defendant advised Plaintiff that her smoking history would not cause complications. | Exhibit C, Plaintiff's Deposition at 83-84 |
| Defendant explained to Plaintiff that smokers had a greater risk of skin loss and wound healing complications but that it was no problem because she had stopped smoking four months earlier. | Exhibit C, Plaintiff's Deposition at 86-87. |

| | |
|---|---|
| Plaintiff's history of smoking and the possibility that she resumed smoking, including her obesity and significant weight changes reasonably medically probably caused the conditions that Dawn presented with, four weeks post-operatively. | Exhibit B, Defendant's 10/28/04 Deposition at 80-81 and 95 |
| Plaintiff's history of smoking more than three months prior to surgery reasonably medically probably was a contributing factor which pre-disposed her for the complications she suffered. | Exhibit B, Defendant's 10/28/04 Deposition at 98. |
| The fat necrosis on Plaintiff's breasts progressed to the point where surgical intervention was necessary to remove necrotic tissue from open wounds. | Operative Report dated August 30, 2001, Exhibit D hereto. |
| Defendant was the only surgeon who performed the breast reduction surgery on Plaintiff. | Operative Report dated July 16, 2001, Exhibit E hereto. |
| Defendant filed a third-party action against Thomas G. Crabtree, M.D., the plastic surgeon who treated Plaintiff subsequent to the surgery Defendant performed on July 16, 2001. | Defendant/Third-Party Plaintiff Kevin W. Dieffenbach, M.D.'s First Amended Third-Party Complaint, Exhibit F hereto. |
| The United States was substituted as the third-party defendant in place of Dr. Crabtree. | Notice of Substitution of United States As Defendant filed on October 30, 2003 herein. |
| Defendant agreed to dismiss the United States as a third-party defendant. | Stipulation For Dismissal Without Prejudice As To All Claims Against Third-Party Defendant United States of America filed herein on April 26, 2005. |

4

| | |
|---|---|
| If Plaintiff had been told she would lose breast tissue, the extent of the loss and that things were going to be as bad as they were, she would never have undergone the surgery. | Exhibit C, Plaintiff's Deposition at 93. |
| Plaintiff would never have had the surgery if she knew that this was the worst case that she could have gone through. | Exhibit C, Plaintiff's Deposition at 94. |
| Plaintiff should have been told that she could end up with huge black spots on her breasts that would need to be cut off and that she could end up losing one-half or three quarters of her breast because no woman could handle having to lose full parts of her breasts. | Exhibit C, Plaintiff's Deposition at 94. |

DATED:  Honolulu, Hawai'i, May 4, 2007.


　　　　　/s/  JOHN S. EDMUNDS
JOHN S. EDMUNDS
RONALD J. VERGA
JOY S. OMONAKA

Attorneys for Plaintiff
DAWN COOPER

Case 1:03-cv-00595-SPK-LEK     Document 98     Filed 05/04/2007     Page 7 of 7