1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2003 OCT 10 PM 2: 11

M. LIVICA
CLERK

CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY       1211
CATHERINE CAREY          5533
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200

Attorneys for Defendant/Third-Party Plaintiff
KEVIN W. DIEFFENBACH, M.D.

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| DAWN COOPER,<br><br>Plaintiff,<br><br>v.<br><br>KEVIN W. DIEFFENBACH, M.D. and DOES 1-10,<br><br>Defendants.<br><br>_____<br><br>KEVIN W. DIEFFENBACH, M.D.,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>THOMAS CRABTREE, M.D. and DOE DEFENDANTS 1-10,<br><br>Third-Party Defendants. | CIVIL NO. 03-1-1783-09<br>(Medical Malpractice)<br><br>DEFENDANT/THIRD-PARTY PLAINTIFF KEVIN W. DIEFFENBACH, M.D.'S FIRST AMENDED THIRD-PARTY COMPLAINT; EXHIBIT "A"; SUMMONS; CERTIFICATE OF SERVICE<br><br>No Trial Date. |

DEFENDANT/THIRD-PARTY PLAINTIFF KEVIN W.
DIEFFENBACH, M.D.'S FIRST AMENDED THIRD-PARTY
<u>COMPLAINT</u>

IMANAGEDB:500153.1

EXHIBIT F

COME NOW Defendant/Third-Party Plaintiff KEVIN W. DIEFFENBACH, M.D. ("Dr. Dieffenbach"), by and through his attorneys, Cades Schutte, and for first amended third-party complaint against Third-Party Defendants THOMAS CRABTREE, M.D. ("Dr. Crabtree") and DOE DEFENDANTS 1-10, hereby alleges as follows:

1. At all times relevant herein, Dr. Dieffenbach was a physician licensed to practice medicine in the State of Hawaii, practicing medicine in and residing in the City and County of Honolulu, State of Hawaii.

2. At all times relevant herein, Dr. Crabtree was a physician licensed to practice medicine in the State of Hawaii, practicing medicine in and residing in the City and County of Honolulu, State of Hawaii.

3. DOE DEFENDANTS 1-10 are sued herein under fictitious names because their true names and identities are presently unknown to Dr. Dieffenbach, except that Doe Defendants 1-10 are connected in some manner with the named Third-Party Defendant and/or were the employers of the named Third-Party Defendant, and/or were independently engaged in the activities alleged herein, and/or have an interest in the controversy alleged herein. The allegations relating to the named Third-Party Defendant in this Third-Party Complaint and the prayer of this Third-Party Complaint are made against and apply to Doe Defendants 1-10, as well as to the named Third-Party Defendant.

4. On September 3, 2003, Plaintiff DAWN COOPER (hereinafter "Plaintiff") filed her Complaint against Dr. Dieffenbach, alleging that she was injured and suffered damages as a result of his negligence in performing bilateral breast reduction surgery and rendering post-surgical care to her in July and August 2001, and in failing to obtain her informed consent to such care and treatment ("Incident").

5. A true and correct copy of that Complaint is attached hereto as Exhibit "A".

6. Dr. Dieffenbach denies that he was negligent or engaged in any acts or omissions that in any way caused or contributed to the damages allegedly sustained by Plaintiff, although he admits that he did perform bilateral breast reduction surgery on Plaintiff on or about July 16, 2001 and provided her with post-surgical care until August 10, 2001.

7. Upon leaving the care of Dr. Dieffenbach in August 2001, Dr. Crabtree provided Plaintiff with follow-up care and treatment related to the bilateral breast reduction surgery performed by Dr. Dieffenbach and with care and treatment related to conditions of the breasts that developed after Plaintiff left Dr. Dieffenbach's care.

8. Dr. Crabtree provided the care to Plaintiff that is described in the above paragraph at Tripler Army Medical Center and its associated clinics in Honolulu, Hawaii.

9. If Plaintiff sustained injuries and/or damages as alleged in her Complaint, they were proximately caused, in whole or in part, by the negligence, recklessness, and/or gross negligence of Dr. Crabtree, either in providing medical care and treatment to Plaintiff or in failing to obtain her informed consent to medical care and treatment, and not as the result of any negligence or wrongdoing by Dr. Dieffenbach.

10. If Dr. Dieffenbach is found liable on the Complaint, he is entitled to contribution from joint tortfeasor Dr. Crabtree.

11. If Dr. Dieffenbach is found liable on the Complaint, then his liability is passive and secondary, whereas the liability of Dr. Crabtree is active and primary, and Dr. Dieffenbach is entitled to indemnity from Dr. Crabtree for all liability, loss, and damages suffered by Dr. Dieffenbach.

WHEREFORE, Dr. Dieffenbach prays as follows:

1. If it be determined that Dr. Dieffenbach is liable to Plaintiff and that Dr. Dieffenbach and Dr. Crabtree are joint tortfeasors, the relative degree of fault of each of them be determined and Dr. Dieffenbach have judgment for contribution against Dr. Crabtree for any excess that must be paid by Dr. Dieffenbach over and above Dr. Dieffenbach's pro-rata share;

2. If Dr. Dieffenbach is found liable to Plaintiff, Dr. Dieffenbach have judgment against Dr. Crabtree by way of indemnification for the full amount of any judgment in favor of Plaintiff that Dr. Dieffenbach is liable to pay, including attorneys' fees and costs;

3. Dr. Dieffenbach have judgment for attorneys' fees, costs, and post-judgment interest from Dr. Crabtree; and

4. The Court award such other and further relief as it deems just and equitable.

DATED: Honolulu, Hawaii, October 10, 2003.

CADES SCHUTTE
A Limited Liability Law Partnership

_____
JEFFREY S. PORTNOY
CATHERINE CAREY
Attorneys for Defendant/Third-Party Plaintiff
KEVIN W. DIEFFENBACH, M.D.

**EDMUNDS & VERGA**
Attorneys at Law, A Law Corporation

| | |
|---|---|
| JOHN S. EDMUNDS | 734-0 |
| RONALD J. VERGA | 2638-0 |
| JOY S. OMONAKA | 5709-0 |

841 Bishop Street, Suite 2104
Honolulu, Hawai'i 96813
Telephone: (808) 524-2000

Attorneys for Plaintiff

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2003 SEP -3 PM 3:53

R. HIGA
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

| | |
|---|---|
| DAWN COOPER, | CIVIL NO. 03-1-1783-09 |
| | [Medical Malpractice] |
| Plaintiff, | |
| | COMPLAINT; DEMAND FOR JURY |
| vs. | TRIAL; SUMMONS |
| | |
| KEVIN W. DIEFFENBACH, M.D. and DOES 1-10, | |
| | |
| Defendants. | |

## COMPLAINT

Comes now Plaintiff DAWN COOPER, through her undersigned counsel, and for complaint against KEVIN W. DIEFFENBACH, M.D. and DOES 1-10 alleges and avers as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.    Plaintiff DAWN COOPER ("Plaintiff") currently resides in Tacoma, Washington. At all times pertinent herein, she was a resident of the City and County of Honolulu, State of Hawai'i.

C:\Data\CLIENTS\Cooper\013.wpd

I do hereby certify that this is a full, true and correct copy of the original on file in this office.

Clerk, Circuit Court, First Circuit



EXHIBIT A

2. Defendant KEVIN W. DIEFFENBACH, M.D. ("Defendant" or "Dr. Dieffenbach") is now, and was at all times pertinent herein, a resident of the City and County of Honolulu, State of Hawai`i and a physician duly licensed to practice medicine in the State of Hawai`i pursuant to Hawai`i Revised Statutes Chapter 453. At all times pertinent herein, Respondent held himself out to be competent to perform the type of surgery (breast reduction) which is the subject of this complaint.

3. The true names, identities or capacities, whether individual, corporate, associate, partnership, representative or otherwise, of DOES 1-10 and their involvement herein are unknown to Plaintiff, who therefore sues said defendants by such fictitious names, and Plaintiff will seek leave of Court to amend her pleadings to set forth the true names and capacities of such fictitiously-named defendants if and when the same become known to her. Plaintiff alleges, on information and belief, that each of the defendants designated herein by a fictitious name acted in some manner intentionally, wantonly, willfully, recklessly, maliciously and/or with conscious disregard of the consequences of his/her/its acts and/or is in some manner responsible and/or liable to Plaintiff for the acts, conduct, omissions and failures as hereinafter alleged concerning the events and happenings herein referred to (or in some other manner caused or contributed to Plaintiff's injuries), and that said acts, conduct, omissions and failures, whether negligent, intentional, wanton, willful, reckless, malicious, or done with conscious disregard of the consequences, directly and proximately caused injury and damage to Plaintiff as herein alleged and otherwise. In an effort to learn the identities of said Doe defendants, Plaintiff has obtained and reviewed the documents in her possession relating to the wrongful actions alleged herein. In spite of said efforts,

Plaintiff has been unable to learn the true identities of the Doe defendants alleged herein and at this time is unable to identify said Doe defendants until she proceeds with discovery.

4. Each of the Defendant's actions and/or omissions in this case occurred on the Island of Oahu, State of Hawai`i.

5. The damages sustained by Plaintiff, described more fully below, are in excess of the minimum jurisdictional amount required for this action to be brought before this Court.

6. This case involves medical torts, as defined by Hawaii Revised Statute § 671(2), committed by Defendant who, at all pertinent times herein, was a health care provider as defined by subsection (1) of that same statute.

7. Pursuant to Chapter 671 of the Hawai`i Revised Statutes ("HRS"), Plaintiff presented her claim in this matter to a Medical Claims Conciliation Panel constituted pursuant to said Chapter 671, and both Plaintiff and Defendant have received copies of said Panel's decision in this matter. This Complaint has been timely filed after Plaintiff's receipt of said decision.

8. In June 2001, Plaintiff, whose husband was then a member of the United States Army, and who was living in Honolulu, Hawaii, consulted with plastic surgeons at the Tripler Army Medical Center ("Tripler") concerning her need for breast reduction surgery. At that time, Plaintiff had very large breasts (requiring a "G" cup supporting bra) and suffered from the physical pain and emotional distress which is typical of the syndrome of having very large breasts. These conditions had reached a point where there was a non-cosmetic medical basis for said surgery.

9. After Plaintiff's consultation with physicians at Tripler, those physicians determined that although breast reduction surgery was indicated, the surgery could not be performed at Tripler and referred Plaintiff to Dr. Dieffenbach.

10. Plaintiff first consulted with Dr. Dieffenbach on or about June 19, 2001, and based upon advice from and representations by Respondent, including specifically the representation that Respondent was competent to perform the surgery he was recommending, Plaintiff agreed to undergo the surgery recommended by Dr. Dieffenbach, which he advised her would reduce the size of her breasts from a "G" cup to a "DD" cup.

11. On or about July 16, 2001, at St. Francis Medical Center – West in Ewa Beach, Dr. Dieffenbach performed a bilateral breast reduction procedure (hereinafter "the surgery") on Plaintiff.

12. During the surgery, Dr. Dieffenbach removed a total of approximately 820 grams of breast tissue.

## FIRST CAUSE OF ACTION - NEGLIGENCE

13. Plaintiff repeats, realleges and incorporates herein by reference the allegations in paragraphs 1 through 12 above as if fully set forth herein.

14. Dr. Dieffenbach's conduct in the performance of the surgery was negligent. His negligence included, but was not limited to, performing the surgery in such a way that he improperly, carelessly and negligently interrupted and/or cut off the blood supply to each of Plaintiff's breasts and to the surrounding areas affected by the surgery, all with the direct and proximate results that large amounts of breast tissue died.

15. As a direct and proximate result of Dr. Dieffenbach's negligence during the surgery, Plaintiff suffered, <u>inter alia</u>, the loss of blood supply to the remaining breast tissue resulting in the following:

   a. Excessive blistering and fluid discharge in the areas of Plaintiff's breast affected by the surgery;

   b. Continuous bleeding from the swollen and irritated wound sites;

   c. Cellulitis in both breasts; and

   d. Extensive necrosis of breast tissue in and around the areas affected by the surgery.

16. Plaintiff's post-surgical care included an overnight hospital stay at the St. Francis West Medical Center. After she was discharged, Plaintiff consulted with Dr. Dieffenbach for post-surgical care and complained of persistent pain, swelling and the appearance of blisters over her breast and nipple areas. During these consultations, Dr. Dieffenbach was negligent in examining Plaintiff. He failed to discover that Plaintiff suffered from cellulitis in both breasts and that the scabs on her nipples and other areas of her breasts were necrotic breast tissue. Defendant failed to provide the requisite post-surgical care to Plaintiff resulting in the injuries and damages described herein.

17. As a further direct and proximate result of Dr. Dieffenbach's negligence, extensive further medical treatment was necessary including the following:

   a. Cutting away and removal of the dead skin surrounding the living breast tissue;

   b. Application of a wound vacuum to Plaintiff's breasts for the removal of dead breast tissue;

  c. Psychiatric consultations during the follow-up hospitalization and continuous wound excision and dead skin removal;

  d. Surgical removal of a large amount of dead breast tissue;

  e. Surgical application of skin grafts to Plaintiff's breasts;

  f. Revision reduction mammoplasty, including nipple removal; and

  g. Extensive debridement of blisters on both breasts.

18. As a further direct and proximate result of Dr. Dieffenbach's negligence, Plaintiff suffered and continues to suffer from deformed breasts and the loss of both nipples and extensive scarring.

19. As a further direct and proximate result of Dr. Dieffenbach's negligence, Plaintiff will be required to undergo extensive future medical and reconstructive procedures.

20. As a further direct and proximate result of Dr. Dieffenbach's negligence, directly and/or through his employees, agents and/or servants, Plaintiff suffered and will continue to suffer from the following injuries and damages:

  a. Plaintiff has incurred, and will continue to incur, costs and expenses for medical and hospital care, operating room charges and for medicines and attendant care and related items, all in such amounts as shall be shown at the hearing held in this matter.

  b. Plaintiff's breasts have been permanently and hideously disfigured and will require extensive additional corrective and reconstructive plastic surgery in the future.

  c. Plaintiff has suffered from grotesque scarring which will require additional corrective procedures in the future.

  d. Plaintiff has suffered excruciating pain both (i) during the immediate post-surgical period when her breast became necrotic and while she was required to undergo post-surgical treatment for the conditions which developed and (ii) during the large number of

remedial and corrective procedures following the surgical procedure performed by Dr. Dieffenbach.

e. Plaintiff will also continue to experience pain and suffering while she recovers from the surgical procedure performed by Dr. Dieffenbach and will experience further pain and suffering from the corrective and reconstructive procedures which she will be required to undergo in the future.

### SECOND CAUSE OF ACTION - GROSS NEGLIGENCE

21. Plaintiff repeats, realleges and incorporates herein by reference the allegations in paragraphs 1 through 20 above as if fully set forth herein.

22. Dr. Dieffenbach's conduct in negligently performing the surgery on Plaintiff included such major deviations from the standard of conduct required of a plastic surgeon under the circumstances as to constitute gross negligence, entitling Plaintiff to a substantial award of punitive damages.

### THIRD CAUSE OF ACTION - LACK OF INFORMED CONSENT

23. Plaintiff repeats, realleges and incorporates herein by reference the allegations in paragraphs 1 through 22 above as if fully set forth herein.

24. At the time Dr. Dieffenbach and/or his agents advised Plaintiff of the risks of the surgery and post-surgical care and treatment by Dr. Dieffenbach, Dr. Dieffenbach did not warn and/or inform Plaintiff of the kinds of consequences, and/or the degree of severity and the pain and lifelong disfigurement which directly and proximately could and did result in this case.

25. If Plaintiff had been so warned and informed, she would not have consented to said surgery.

26. Because the consent which Plaintiff gave to Dr. Dieffenbach to perform the surgery was therefore not an informed consent, Dr. Dieffenbach is liable for the injuries and damages alleged above.

27. As a further direct and proximate result of Defendant's negligence, Plaintiff incurred, and will in the future incur, expenses for medical, hospital and emergency care and for medicines and related items, all in such amounts as shall be shown at time of trial.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant as follows:

a. That Plaintiff be awarded special damages in such amounts as shall be shown at time of trial;

b. That Plaintiff be awarded general damages in such amounts as shall be shown at time of trial;

c. That Plaintiff be awarded punitive damages in such amounts as shall be shown at time of trial;

d. That Plaintiff be awarded her costs and attorneys' fees; and

e. That Plaintiff be awarded such other relief as this Court deems just and proper.

DATED: Honolulu, Hawai'i, _____SEP - 3 2003_____.

JOHN S. EDMUNDS
RONALD J. VERGA
JOY S. OMONAKA
Attorneys for Plaintiff

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | |
|---|---|
| DAWN COOPER, | CIVIL NO. _____ |
| Plaintiff, | [Medical Malpractice] |
| vs. | DEMAND FOR JURY TRIAL |
| KEVIN W. DIEFFENBACH, M.D. and DOES 1-10, | |
| Defendants. | |

## DEMAND FOR JURY TRIAL

Plaintiff, by and through her attorneys, Edmunds & Verga, hereby demands trial by jury on all issues triable herein.

DATED: Honolulu, Hawai`i, _____ SEP - 3 2003 _____.

_____
JOHN S. EDMUNDS
RONALD J. VERGA
JOY S. OMONAKA

Attorneys for Plaintiff

C:\Data\CLIENTS\Cooper\013.wpd

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | |
|---|---|
| DAWN COOPER, ) | CIVIL NO. _____ |
| ) | [Medical Malpractice] |
| Plaintiff, ) | |
| ) | SUMMONS |
| vs. ) | |
| ) | |
| KEVIN W. DIEFFENBACH, M.D. and ) | |
| DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

## SUMMONS

TO THE DEFENDANTS:

You are hereby summoned and required to serve upon Plaintiff's attorneys, Edmunds & Verga, whose address is 841 Bishop Street, Suite 2104, Honolulu, Hawai`i 96813, an answer to the Complaint which is attached. This action must be taken within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

A failure to obey this Summons may result in an entry of default and judgment by default will be taken against you for the relief demanded in the Complaint.

This Summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this Summons, personal delivery during those hours.

DATED: Honolulu, Hawai`i, _____SEP - 3 2003_____

R. HIGA    [SEAL]

_____
CLERK OF THE ABOVE-ENTITLED COURT

C:\Data\CLIENTS\Cooper\013.wpd

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| DAWN COOPER,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN W. DIEFFENBACH, M.D. and DOES 1-10,<br><br>    Defendants.<br><br>―――――――――――――――――<br><br>KEVIN W. DIEFFENBACH, M.D.,<br><br>    Third-Party Plaintiff,<br><br>v.<br><br>THOMAS CRABTREE, M.D. and DOE DEFENDANTS 1-10,<br><br>    Third-Party Defendants. | CIVIL NO. 03-1-1783-09<br>(Medical Malpractice)<br><br>SUMMONS |

## SUMMONS

STATE OF HAWAII

TO THE ABOVE-NAMED THIRD-PARTY-DEFENDANTS:

    You are hereby summoned and required to serve upon CATHERINE CAREY, Plaintiff's attorney, whose address is Cades Schutte, 1000 Bishop Street, 12th Floor, Honolulu, Hawaii 96813, an answer to the Third-Party Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service.

IMANAGEDB:497914.1

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Third-Party Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, October _____, 2003.

OCT - 6 2003

_____
F. OTAKE
CLERK OF COURT

[SEAL: FIRST CIRCUIT COURT]

IMANAGEDB:497914.1

-2-

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| DAWN COOPER,<br><br>      Plaintiff,<br><br>v.<br><br>KEVIN W. DIEFFENBACH, M.D. and DOES 1-10,<br><br>      Defendants.<br><br>---<br><br>KEVIN W. DIEFFENBACH, M.D.,<br><br>      Third-Party Plaintiff,<br><br>v.<br><br>THOMAS CRABTREE, M.D. and DOE DEFENDANTS 1-10,<br><br>      Third-Party Defendants. | CIVIL NO. 03-1-1783-09<br>(Medical Malpractice)<br><br>SUMMONS |

SUMMONS

STATE OF HAWAII

TO THE ABOVE-NAMED THIRD-PARTY-DEFENDANTS:

      You are hereby summoned and required to serve upon JEFFREY PORTNOY, Third-Party Plaintiff's attorney, whose address is Cades Schutte, 1000 Bishop Street, 12th Floor, Honolulu, Hawaii 96813, an answer to the First Amended Third-Party Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you,

IMANAGEDB:500153.1

-2-

exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the First Amended Third-Party Complaint.

This summons shall not be personally delivered between 10:00 p.m. and 6:00 a.m. on premises not open to the general public, unless a judge of the above-entitled court permits, in writing on this summons, personal delivery during those hours.

A failure to obey this summons may result in an entry of default and default judgment against the disobeying person or party.

DATED: Honolulu, Hawaii, October 10, 2003.



M. LIVICA
CLERK OF COURT

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing document was served on the following parties at their last know addresses, as indicated below, by hand delivery, addressed as follows, on the date below:

      JOHN S. EDMUNDS, ESQ.
      RONALD J. VERGA, ESQ.
      JOY S. OMONAKA, ESQ.
      EDMUNDS & VERGA
      841 Bishop Street, Suite 2104
      Honolulu, HI  96813

      Attorneys for Plaintiff
      DAWN COOPER

DATED:  Honolulu, Hawaii, October 10, 2003.

      CADES SCHUTTE
      A Limited Liability Law Partnership

      _____
      JEFFREY S. PORTNOY
      CATHERINE CAREY
      Attorney for Defendant
      KEVIN W. DIEFFENBACH, M.D.

IMANAGEDB:500153.1