CADES SCHUTTE
A Limited Liability Law Partnership

JEFFREY S. PORTNOY          1211-0
CHRISTIAN K. ADAMS          8192-0
1000 Bishop Street, Suite 1200
Honolulu, Hawaii  96813-4212
Telephone:  (808) 521-9200
Facsimile:  (808) 521-9210
e-mail: jportnoy@cades.com
e-mail: cadams@cades.com

Attorneys for Defendant
KEVIN W. DIEFFENBACH, M.D.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DAWN COOPER,<br><br>    Plaintiff,<br><br>v.<br><br>KEVIN W. DIEFFENBACH, M.D. and DOES 1-10,<br><br>    Defendants. | CIVIL NO. 03-00595 SPK LEK<br><br>**DEFENDANT KEVIN W. DIEFFENBACH, M.D.'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AMENDED COMPLAINT FILED OCTOBER 18, 2005; CERTIFICATE OF SERVICE**<br><br>**Hearing**:<br>Date:          August 16, 2007<br>Time:         10:00 a.m.<br>Judge:        Hon. Samuel P. King<br>Trial Date:  November 14, 2007 |

-2-

## DEFENDANT KEVIN W. DIEFFENBACH, M.D.'S REPLY MEMORANDUM IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF'S FIRST AMENDED COMPLAINT FILED OCTOBER 18, 2005

Defendant Kevin W. Dieffenbach, M.D. ("Dr. Dieffenbach") hereby submits this Reply Memorandum in Support of his Motion for Summary Judgment on Plaintiff's First Amended Complaint Filed October 18, 2005. Plaintiff's obvious attempts to cloud the record with entirely irrelevant material and circular arguments in her Memorandum in Opposition in an attempt to create an issue of material fact are unavailing. Plaintiff has once again demonstrated her inability to present the requisite expert testimony needed to support the materiality component of her claim for lack of informed consent.[1] This is the central tenet of Dr. Dieffenbach's Motion and this alone is fatal to Plaintiff's claim. As a result, Dr. Dieffenbach is entitled to judgment as a matter of law and dismissal of the First Amended Complaint in its entirety.

### I.    ARGUMENT

Hawaii has adopted the "patient-oriented" standard for determining the nature and scope of a physician's obligation to disclose information prior to treatment. Carr v. Strode, 79 Haw. 475, 485 (1995). Plaintiff concedes, as she must, that **expert testimony is required to establish the "materiality" component**

---

[1] Plaintiff has conceded Counts 1 and 2 are no longer at issue. See Memo. in Opp. at 1-2. Thus, the only remaining Count at issue stemming from the First Amended Complaint is Count 3 for lack of informed consent.

ImanageDB:705527.2

*of the risks, i.e. "the nature of risks inherent in a particular treatment, the probabilities of therapeutic success, the frequency of the occurrence of particular risks, and the nature of available alternative forms of treatment."* See Barcai v. Betwee, 98 Haw. at 484; Carr v. Strode, 79 Haw. at 486.  The Court in Carr further held that the requisite expert testimony may be established through the expert testimony of the defendant himself when available.  See id.  While Dr. Dieffenbach readily concedes that it is permissible for the materiality component of informed consent to be satisfied through his own testimony as the expert defendant in this matter, Plaintiff has clearly failed to obtain the necessary testimony on materiality from Dr. Dieffenbach despite ample opportunity to do so.  As a result, Dr. Dieffenbach's testimony is insufficient to satisfy this burden.

### A.     Dr. Dieffenbach's Testimony Does Not Satisfy This Burden

In what can only be viewed as a final, last minute attempt to salvage her case, Plaintiff now asserts for the first time that Dr. Dieffenbach's own deposition testimony may be used to substantiate the materiality component of Plaintiff's claim.  Not only is this in stark contrast to Plaintiff's previous admissions regarding the matter, but the assertion is also completely unsupported by the actual deposition testimony upon which Plaintiff relies.

In order to establish the materiality component, Plaintiff must sufficiently demonstrate through expert testimony:

1. The nature of risks inherent in a particular treatment;

2. The probabilities of therapeutic success;

3. The frequency of the occurrence of particular risks; and

4. The nature of available alternative forms of treatment.

See Barcai v. Betwee, 98 Haw. at 484; Carr v. Strode, 79 Haw. at 486. Each one of these factors must be sufficiently addressed to satisfy this burden. See id.

Plaintiff's counsel deposed Dr. Dieffenbach on two separate occasions, on October 12th and 28th of 2004, and spent a great deal of that time attempting to address the issue of informed consent. Despite this extensive and pervasive questioning, Dr. Dieffenbach's deposition testimony simply does not sufficiently address the required elements identified above nor can it be construed to do so.

Even as selectively quoted by Plaintiff, Dr. Dieffenbach merely testified at his deposition that: 1) Obesity is a factor; 2) Smoking and a history of smoking can also be relevant factors; and that 3) These are important aspects of surgical treatment and recovery that are discussed. See Deposition Testimony of Dr. Dieffenbach, attached to Plaintiff's Opp. at Exhibits "A" and "B". These general and vague statements cannot possibly be construed to substantiate Plaintiff's claim or fulfill the extensive elements needed to establish the materiality component of

the claim. Even conceding for the sake of this motion that Dr. Dieffenbach's testimony may satisfy the first factor, his testimony does not even remotely touch upon factors two through four. Without more, Plaintiff's claim fails as a matter of law.

### B.   Plaintiff's Prior Admissions Preclude Such a Finding

Moreover, Plaintiff's prior admissions to the contrary preclude any other finding. Apparently recognizing the need for expert testimony to substantiate her claim and knowing that Dr. Dieffenbach's testimony was insufficient to do so, Plaintiff went to great lengths to secure the use of Defendant's previously designated expert, Dr. Parsa, to satisfy her burden. In her failed attempt to secure the use of Dr. Parsa's testimony, Plaintiff made several admissions which directly contradict the position she now appears to be asserting. In particular, Dr. Dieffenbach's deposition testimony, which she now asserts is sufficient expert testimony to support her claim, was available to Plaintiff long before she admitted that Dr. Parsa's testimony was required because *"[t]here will be no other expert testimony on informed consent at trial."* See Plaintiff's Reply Memo. in Support of Motion re: Use of Defense Expert's Testimony on Informed Consent at 11. It was also available long before she *asserted that Plaintiff's counsel was unable to obtain the requisite expert testimony from any other source without Dr. Parsa*. See Plaintiff's Notice of Appeal from Order Denying Motion re: Use of Expert

Testimony at 6 and 7.  Finally, it was clearly available before she pleaded to your honor that **"Plaintiff's position here is exactly that … : [s]he has been unable to locate expert testimony required to establish an essential element of her claim."** See Plaintiff's Reply Memo. in Support of Plaintiff's Notice of Appeal at 6.  Based on Plaintiff's prior admissions and her extensive efforts to secure additional expert testimony based thereupon, it is hard to understand how Plaintiff can now assert that the supposed basis for her lack of informed consent claim has been available this entire time.  This simply cannot be the case not can it be construed to be.

C. **Plaintiff's Deposition Testimony is Irrelevant as to Materiality Because She is Not an Expert**

Apparently recognizing the weakness in her argument, Plaintiff attempts to bolster the applicability and persuasiveness of Dr. Dieffenbach's deposition testimony on materiality with that of her own.  Plaintiff also asserts that her own testimony may somehow create a question of material fact as to whether the informed consent was actually made.  Plaintiff's deposition testimony, however, is entirely irrelevant to the materiality component of informed consent as she is not an expert and, therefore, cannot support the claim one way or the other in this respect regardless of what she may say.  See Barcai v. Betwee, 98 Haw. at 484; Carr v. Strode, 79 Haw. at 486.

Furthermore, Plaintiff's testimony as to whether informed consent was actually made is also irrelevant as without the requisite expert testimony to support

the materiality component, the claim cannot proceed any further and the issue of whether informed consent ever occurred is never reached. Quite simply, Plaintiff is attempting to mislead the Court by using irrelevant testimony to make Dr. Dieffenbach's testimony appear to be something that it is not. All efforts to do so should be completely disregarded by this Court.

### D. Plaintiff Simply Cannot Proffer the Expert Testimony Required to Establish the "Materiality" Element of Her Breach of Informed Consent Claim

The inability to elicit the needed expert testimony from Dr. Dieffenbach himself is the precise reason that Plaintiff went to such great lengths to secure the use of Dr. Parsa's testimony. Following her unsuccessful attempt to do so, Plaintiff is left without the necessary expert testimony needed to substantiate the "materiality" component of Plaintiff's claim as has been the case since she withdrew Dr. Green.

It is indisputable that Plaintiff does not have any expert testimony to support her claims. See Magistrate Judge Kobayashi's Order Denying Plaintiff's Motion re: Use of Expert Testimony, dated October 10, 2006 (denying Plaintiff's request to use the testimony of Defendant's previously designated expert, Dr. Parsa, to support her claims). Furthermore, it is painfully clear that Plaintiff has been unable to find any such testimony despite being given additional time to do so. See Plaintiff's Status Report dated October 16, 2006; See Plaintiff's Statement in

ImanageDB:705527.2

Support of Notice of Appeal, filed October 27, 2006, at 2 (admitting that Plaintiff was "unable to locate another expert who shares the opinions" necessary to support her claims). Moreover, Dr. Dieffenbach's testimony, while generally available to Plaintiff to satisfy this requirement, does not sufficiently cover the necessary factors to effectively do so or come remotely close to sufficiently supporting Plaintiff's asserted claim. Due to the lack of expert testimony as required to support the essential materiality component of Plaintiff's only remaining claim, Plaintiff's First Amended Complaint must be dismissed.

## II.   CONCLUSION

For the foregoing reasons, Defendant Kevin W. Dieffenbach respectfully requests that this Court grant Summary Judgment in favor of Defendant and against Plaintiff, thereby dismissing Plaintiff's First Amended Complaint in its entirety.

DATED:  Honolulu, Hawaii, August 3, 2007.

CADES SCHUTTE
A Limited Liability Law Partnership

_____
JEFFREY S. PORTNOY
CHRISTIAN K. ADAMS
Attorneys for Defendant
KEVIN W. DIEFFENBACH, M.D.